SMITHWICK *v.* BANK OF CORNING.

Opinion delivered June 27, 1910.

TRUSTS—DECLARATION.—Where a widow, to whom her husband left money, frequently spoke of such money as belonging to her husband's sole heir, but died leaving such heir nothing in her will, her declaration, being without consideration, did not convert the money into a trust fund.

Appeal from Clay Chancery Court, Western District; *Edward D. Roberteson,* Chancellor; affirmed.

*J. L. Taylor* and *F. G. Taylor,* for appellant.

The court erred in making the administrator a party defendant. 22 Ark. 191. The action of the bank in paying the money to the administrator was a conversion of the money. 34 Ark. 421. The court should not have transferred the cause to chancery. 56 Ark. 391; 65 Ark. 503; 113 U. S. 550. A delivery is not necessary to constitute a trust. 75 N. Y. 134; 31 Am. R. 446; 80 N. Y. 422; 179 N. Y. 112; 105 N. Y. S. 332.

*G. B. Oliver,* for appellee.

The administrator was properly made a party defendant. Kirby's Dig., § § 6006, 6011, 6145. The administrator's evi-

dence was competent. Kirby's Dig., § 3093. A court of law would have instructed a verdict for defendants. 65 Ark. 503. Incomplete voluntary trusts are not inforcible. Pom. Eq. Jur., § 997; Perry on Trusts, § 96; 28 Am. & Eng. Enc. Law, 892; 12 L. R. A. (N. S.) 547.

BATTLE, J. On the 27th day of January, 1901, J. J. Smithwick departed this life, intestate, leaving C. A. Smithwick, his widow, and W. R. Smithwick his only heir. At the time of his death he was the owner of considerable real estate, and two thousand dollars in cash and notes, and about forty head of cattle. After his death the widow and heir by a written contract divided the estate of the deceased between themselves. In the division some money was set apart to the widow. She deposited it in a bank to her credit. She often referred to it as W. R. Smithwick's money, but never relinquished control over it, and always controlled it, collecting interest on it.

Mrs. Smithwick died on the 16th day of July, 1908, leaving a last will and testament. She left nothing to W. R. Smithwick. G. B. Oliver became administrator of her estate. W. R. Smithwick brought a suit against the bank, claiming the money deposited in the bank as held in trust for him. Oliver, as administrator, was made a defendant.

The court, after hearing the evidence, dismissed the complaint for want of equity; and plaintiff appealed.

The money received by the widow in the division of the estate of her husband was her absolute property. Her frequent declarations that it was the appellant's money did not convert it into a trust fund. They manifested an intention to give the same to appellant at some time. But they were not based on any consideration, and were not binding on her. Intention without acts is of no effect.

Decree affirmed.