DERRICK et al. v. LUMPKINS.—95 S. W. (2d) 939.

Middle Section. February 8, 1936.

Petition for Certiorari denied by Supreme Court, July 3, 1936.

Gene Stockard, of Lawrenceburg, for appellant Mrs. Lumpkins.

H. D. Derrick and Morrison & Morrison, all of Lawrenceburg, for appellees Derrick et al.

CROWNOVER, J. The original bill in this cause was filed by H. D. Derrick and Morrison & Morrison, all attorneys, to have a trust declared and decreed in their favor in a deposit of $651.75 in the savings department of the First National Bank, of Lawrenceburg,

Tennessee, to the credit of L. N. Lumpkins, it being alleged in the bill that L. N. Lumpkins had employed them to represent him in a lawsuit and deposited this money in the bank as a trust fund for the purpose of paying their attorneys' fees.

Defendant, Mrs. Bessie M. Lumpkins, moved to dismiss the bill and dissolve the injunction for want of equity, which motion was overruled, to which defendant excepted.

Mrs. Bessie M. Lumpkins, widow of L. N. Lumpkins, deceased, thereupon filed her answer insisting that this money was not deposited as a trust fund for this purpose, but was merely a savings account.

The chancellor found that said deposit was a trust fund made for the purpose of paying said attorneys' fees, and he decreed that said bank pay out of said fund to H. D. Derrick $250 and interest, making a total of $259.50, and to Morrison & Morrison $60 plus interest, or $62.28.

The chancellor found that it would be inequitable to allow the additional $100 to each firm, provided for in the contract, in view of the fact that an appeal was prayed and granted from the decree of the chancery court, and the final disposition of the matter must be attributed to the death of Lumpkins rather than to a final adjudication of the issues involved by the court of last resort.

Mrs. Lumpkins excepted to said decree and appealed to this court and has assigned errors, which, when summarized, are as follows:

(1) The chancellor erred in holding that said savings account is a trust fund for the purpose of paying said attorneys' fees.

(2) The chancellor erred in overruling defendant's motion to dismiss the bill and dissolve the injunction for want of equity on the face of the bill:

L. N. Lumpkins, of Lawrenceburg, died in September, 1934. He had been for a number of years county superintendent of education for Lawrence county, under chapter 543 of the Private Acts of 1927. About January 6, 1934, certain citizens of Lawrence county filed a bill in the chancery court attacking the eligibility of said Lumpkins and the constitutionality of said act.

Lumpkins employed the firm of Morrison & Morrison and H. D. Derrick to represent him in this suit, and they entered into a written contract, dated January 25, 1934, by which said lawyers agreed to represent Lumpkins and he agreed to pay each firm $250 to defend said suit, and each an additional fee of $100 when it should be determined that the suit was successful.

On February 5, 1934, Lumpkins opened a savings account in the First National Bank, of Lawrenceburg, in his own name, and deposited $100. On May 2 he deposited $200; on June 30, $100; on July 30, $50; and on July 31, $300, making a total, including interest, of

$651.75. Nothing was ever withdrawn from the account, and Lumpkins kept the passbook in his possession until his death.

Lumpkins made several payments, at different times, over a period of several months, to Morrison & Morrison on their fees, amounting to $190. These payments were made by checks on his checking account.

On September 5, 1934, the chancery court decided said suit in favor of Lumpkins. The complainants prayed an appeal and were allowed thirty days within which to perfect same. On September 14, 1934, Lumpkins died. The appeal was, therefore, never perfected, and the suit terminated.

Lumpkins died intestate. His widow, Mrs. Bessie Lumpkins, was appointed administratrix of his estate. His estate consisted of real estate held by him and his wife as tenants by the entirety, life insurance, and a small amount of personal property. The personal property consisted of an automobile, a small checking account, the balance of his salary, and said savings account of $651.75.

On October 4, 1934, commissioners were appointed to allot a year's support to the widow, and it was suggested that all of said personal property be given to her for her year's support.

John F. Morrison, Jr., of the firm of Morrison & Morrison, had been employed by Mrs. Lumpkins to wind up her husband's estate. After the first meeting of the commissioners to set apart a year's support, at which meeting the amount of said Lumpkins' estate was ascertained, Morrison, Jr., excused himself as her attorney.

On October 16, 1934, the bill in this cause was filed and injunction was issued impounding said savings account.

On November 1, 1934, the commissioners appointed to set apart Mrs. Lumpkins' years's support filed their report, which was confirmed by the court on November 4, 1934. In this report it was attempted to allow this savings account of $651.75 as a part of her year's support, which, if done, would leave no property for the payment of Lumpkins' debts.

1. Complainants contend that L. N. Lumpkins created a trust in this fund of $651.75 for their benefit, for the payment of their attorneys' fees in said cause.

The evidence by which complainants undertake to establish a trust is as follows:

When they were first employed, they entered into a written contract with Lumpkins as to the amount of the fees and nothing was said about the trust at that time, and the facts about the trust arose later on.

H. D. Derrick, one of the complainants' attorneys, testified that at the time the contract was made he asked Lumpkins to pay half of his fee, and he said he was not in position to do so at that time, but "he

would make ample provision for the payment of the fee''; that a short time before Mr. Lumpkins' illness they had a conversation about the lawsuit and Lumpkins told him that ''he was providing a special fund for the purpose'' of paying their fees and ''placing it on deposit in the bank.'' Mr. Derrick further testified that after Mr. Lumpkins' death he asked Mrs. Lumpkins to make a note for his fee and execute a deed of trust to secure it, which she declined to do; and later he ''drafted this bill and filed it on information that I had received that the fund was in the First National Bank for the payment of the attorney fee.'' Derrick did not know in what bank it was deposited or the amount deposited, but learned these facts after the death of Lumpkins.

Miss Ada Reavis, teller in the First National Bank, testified that Mr. Lumpkins, when making a deposit in this savings account, had said, ''This is lawsuit money.'' Miss Reavis knew about the lawsuit and understood that he referred to the suit filed against him as superintendent of education. Miss Reavis also testified that Mrs. Lumpkins, while making one of the deposits to said account, told her that it was ''lawsuit money.''

F. F. Locke testified that he was employed as teller at the First National Bank, of Lawrenceburg, in the early part of 1934 and the summer of 1934, and while he was employed there Mrs. Lumpkins made a deposit of $100 to Mr. Lumpkins' account and made the statement to him, ''This is what we are saving to pay our lawyers with in the Ethridge matter.'' Locke knew to what lawsuit she referred and that the lawyers were H. D. Derrick and Morrison & Morrison.

John F. Morrison, Jr., member of the firm of Morrison & Morrison, stated that after Mr. Lumpkins' death Mrs. Lumpkins employed him as her attorney; that in discussing the condition of his estate Mrs. Lumpkins told him that Mr. Lumpkins had put some money in the bank to pay these attorneys' fees and court costs; that a few minutes later she told him the money was in the First National Bank.

Mrs. Lumpkins denied making such statements to Morrison, Jr., or the remark about ''lawsuit money'' to the witness, Miss Reavis; but we are satisfied that the facts are as testified to by complainants and their witnesses.

 A trust could have been created in this deposit in the bank in Lumpkins' name.

''It is usually recognized that a trust in respect of moneys deposited in bank may be created by the owner and depositor of the moneys for the benefit of one other than the depositor, . . . and in accordance with the general rule, the depositor may constitute himself a trustee in respect of the moneys deposited. The declaration of trust may be made after the deposit is made. It is necessary, of course, that the essentials of a trust should be present in order to create an

express trust. . . . Primarily the intention of the depositor controls in determining whether or not a trust has been created and what are the terms of the trust. No trust is created in the absence of such intention or if the intention is not given effect. Usually, in deciding as to the existence of a trust, including the intention of the depositor, the surrounding facts and circumstances are considered in connection with the acts and declarations of the depositor, and the question is determined as one of fact and not of law. The form of the account or deposit is not necessarily conclusive as to the existence of a trust, including the intention of the depositor. Thus, while a deposit of one's own money in his own name, with nothing in the form of the deposit to indicate that it is in trust for another, does not, without more, create a trust, in accordance with the general rule, it is not necessary that the depositor should technically and precisely declare his purpose and intention to create a trust, and the absence of the word 'trust' or 'trustee' from the title of the account does not prevent a determination that a trust has been created where the essentials of a trust are present.'' 65 C. J., 286-290, sec. 65.

But the only testimony in the record as to Lumpkins' declaration of a trust is that of Derrick, which is as follows:

''I then made reference to our conversation about making provisions for the payment of the fee and he said that I need suffer no uneasiness about that that he was providing a special fund for that purpose and placing it on deposit in the bank. I did not ask him in what bank or what amount he had deposited.''

The language used by Lumpkins does not amount to a ''clear and explicit declaration of trust.'' The amount to be deposited and the bank in which it was to be deposited were not agreed upon, and in fact nothing definite about the fund was agreed upon.

While the owner of personal property may create a trust in same by parol (Saunders v. Harris, 1 Head, 185; Harris v. Union Bank, 1 Cold., 152), ''it is essential . . . that the expressions used should amount to a clear and explicit declaration of trust. The subject matter of the trust, as well as the object of the trust, must be pointed out with certainty.'' Harris v. Union Bank, supra; Saunders v. Harris, supra.

''One may create a trust in his own property by constituting himself trustee, providing his words or acts clearly and unequivocally denote an intention to hold henceforth as trustee for the benefit of another.'' 39 Cyc., 66.

''In the case of a trust the actual, beneficial, or equitable title passes to the cestui que trust, while the legal title is retained by the person creating it to hold for the purposes of the trust. Possession and control in such a case remain with the trustee, but a gift of the equitable or beneficial title must be as complete and effectual in the case of

a trust as is the gift of the thing itself in a gift inter vivos. There must be an executed gift of the equitable title without any reference to its taking effect at some future time. There must be clear evidence of an intention to transfer a present interest to the cestui que trust." L. R. A. 1917C, 567.

"The ultimate determination as to the ownership of the deposit depends upon the court's findings under the evidence as to the intention of the original owner, and whether he actually took the necessary legal steps to effectuate his intention." Marshall & Ilsley Bank v. Voigt, 214 Wis., 27, 252 N. W., 355, 357.

"The intention must be plainly manifest, and not derived from loose and equivocal expressions of parties, made at different times and upon different occasions. . . : No trust that is uncertain is enforced by law. . . . The property must be clearly and definitely pointed out." 26 R. C. L., 1183, secs. 19, 20; 1 Perry on Trusts. (6 Ed.), 97, sec. 86.

■ Where a person deposits money in a savings bank to his individual credit, this shows prima facie that it belongs to him. 7 C. J., 865, sec. 908. But this is not conclusive. 7 C. J., 865, sec. 908; 65 C. J., 288, sec. 65.

"While the frequent declarations of a deceased that a certain sum of money, deposited in a bank in her own name, belonged to a certain party, manifested an intention to give it to him, yet there was no consideration for them, and no trust was thereby created, as an intention without acts is of no effect." Smithwick v. Bank of Corning, 95 Ark., 463, 130 S. W., 166.

■ Considering all of the facts, we are of the opinion that L. N. Lumpkins opened this savings account and made a number of deposits, not with the intent to create a trust of that identical fund for complainants, but with the intent of depositing his own funds, subject to his own use and control, for the purpose of paying these fees and other obligations, and his loose expressions did not effectuate a trust.

2. The bill in this cause complies with section 142 of Gibson's Suits in Chancery, therefore appellant's second assignment of error is overruled.

The errors assigned as to the holding that the savings account was a trust fund are sustained, and it results that the decree must be reversed and the suit is dismissed. The costs of the cause including the costs of the appeal are decreed against complainants Derrick and others and the sureties on the prosecution bond.

It appearing that Mrs. Lumpkins has declared in her answer an intention of paying Derrick's fees, therefore this suit is dismissed without prejudice to Derrick's rights to bring another suit should it be ascertained that he has a right of action against Mrs. Lumpkins personally.

Faw, P. J., and DeWitt, J., concur.