POYNTER *v.* WILLIAMS, CHANCELLOR ON EXCHANGE.

4-9439                                     237 S. W. 2d 903

Opinion delivered March 26, 1951.

*Reece Caudle* and *Richard Mobley*, for petitioner.

*Hays, Williams & Gardner*, for respondent.

GRIFFIN SMITH, Chief Justice. Petitioners contend that when three chancery actions—as to which the plaintiffs' testimony had been heard—were consolidated with No. 6549, (the fourth of a series dealing with related matters) the court in effect refused to grant or deny a motion by the defendants challenging sufficiency of the evidence. Act 470 of 1949, *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225.

The controversy concerns the estate of W. H. Poynter, Sr., who died in 1931. A son, S. L. Poynter, was made administrator. Debts chargeable against substantial assets could not be paid during the depression years, but through coöperation of the heirs and indulgence by creditors a solvent status was attained in 1947. It is said that real property estimated to be worth $50,000 is left. In a narrative way respondents say that most of the obligations paid by the administrator were notes signed by W. H. Poynter, Jr., B. W. Poynter, Guy Poynter—sons of W. H. Poynter, Sr.,—and that distributive shares of the estate were obligated because of the elder Poynter's actions in becoming an accommodation indorser of the notes. Guy Poynter is dead and his heirs have been brought into the litigation.

On April 3, 1948, the administrator sued B. W. Poynter, W. H. Poynter, Jr., and John Poynter *et als*. These cases were docketed as Nos. 6541, 6542, and 6543, respectively. An undated notation by Chancellor J. B. Ward refers to the fourth suit—case No. 6549—and treats it as a companion in respect of the involved litigation. This suit, said the Chancellor, "appears to be [a proceeding] on behalf of some of the heirs for an accounting and con-

tribution on the part of the other heirs for their proportionate part of funds paid out by the administrator to equalize an equitable distribution. The demurrers will be overruled with the *suggestion* that this case be consolidated for trial with Nos. 6541-42, and '43, and [with] the further suggestion that a decision in this case might settle the entire controversy.''

Although there is no record of an *order* consolidating the first three cases, they were treated as though this had been done, notwithstanding the caption to depositions showing that No. 6541 was under consideration. But emphasizing the understanding that consolidation had been directed is the fact that some of the parties named in each of the suits are listed as defendants. The deposition of the administrator was taken September 12, 1950, and insofar as the result here is concerned the testimony will be treated as though the actions filed April 3d were consolidated and that proof in 6541 went to the merits of the three cases.

The fourth case referred to by Chancellor Ward was filed April 12, 1948, by Mrs. Della Brown and others. B. W. Poynter and others were named as defendants. The plaintiffs alleged that the administrator held $3,733.31, that as heirs they were tenants in common as to lands, and that a division should be made, subject to certain equitable adjustments.

The defendants against whom relief was sought in the first three cases moved to dismiss when the plaintiffs rested. They asserted (a) that the *competent* testimony offered on behalf of the plaintiffs did not entitle them to the relief sought; (b) the *competent* testimony shows that there is a defect of parties defendant; (c) the *competent* testimony shows that there is a defect of parties plaintiff; (d) the *competent* testimony does not show a cause of action cognizable in a court of equity, and (e) in the alternative these cases should be transferred to the proper court, ''if any there be.''

When this motion was argued the Chancellor on exchange directed that the three actions be consolidated with No. 6549. Petitioners insist that they were entitled

to a decision on the merits of the cases submitted, irrespective of the fourth complaint. We agree with the conclusion that in ascertaining whether the plaintiffs had established their rights a question of law was presented. The motion was in effect a demurrer to the evidence. Ark. Stat's, § 27-1729. This was the holding in the *Werbe-Holt* case.

It is highly improbable that the General Assembly, by Act 470, intended to deprive a chancellor of discretion to consolidate actions where, as here, the parties are numerous and the subject-matter relates to distinct classes of plaintiffs and defendants, and contentions are the outgrowth of a unitary cause. Lawmaking bodies are beset with unusual difficulties when by a particular statute they seek to cover all essential phases of administrative and executive conduct. The difficulty comes from the necessity of using general terms with such complete precision that the judicial branch feels compelled to hold the expressions mandatory in an isolated case. Experience teaches that subsequent to the promulgation of a law transactions will arise that no one could have foreseen; and, while courts in construing the legislative intent will go as far as the so-called policy of liberality will permit, reported decisions supply a wealth of instances where the practical construction of a statute differs substantially from the result that would attend either a strict or unstinted interpretation.

In the case before us the facts are so unusual, and a correct determination of relative rights is so interdependent, that formality of procedure should not be allowed to impair the final result; but even so, we would treat the Act as applicable to defendants' motion and say it required an express ruling one way or the other if a single suit or consolidated actions and nothing else had been before the court. That is not the case here. Seemingly the Chancellor felt that each of the four suits was so much a part of correlated factors that the ends of justice could not be served without consideration of No. 6549, hence the order consolidating this action with the three cases in which the plaintiffs' testimony had been com-

pleted had the effect of overruling the statutory motion. We are not willing to say that in a case of this kind the Act was intended to cut off the court's discretion to withhold final judgment. For all practical purposes the motion was denied, though without affirmative judicial expression to that effect.

Act 470 provides that where a motion challenging sufficiency of the plaintiff's evidence has been overruled exceptions may be saved and an appeal taken. In the three consolidated cases the testimony has been brought into the record but has not been abstracted. However, petitioners do not suggest that we should determine the matter on its merits. Rather, they confine their prayer for relief to an order requiring the Chancellor to make a definite finding.

The petition is denied, but without prejudice to defendant's right of renewal when No. 6549 has been tried.

PAUL WARD, J., dissenting. Act 470 of 1949, omitting portions that do not affect its meaning as applied to this case, reads as follows:

"Upon the closing of plaintiff's proof and an announcement to that effect in any cause pending in chancery court, the defendant may file a written motion challenging the sufficiency of the evidence.

"*Thereupon,* the chancellor *shall* consider and *determine* such motion."

Other provisions of the Act go on to state the effect of such determination both in the lower court and the Supreme Court; and the emergency clause states the purpose is to save time and money.

It is hard to understand how language could be made any plainer than the language in this act. It is a dangerous and unauthorized procedure for this court or any court to place its own interpretation upon a statute contrary to the plain and unambiguous wording given it by the law making body.

Upon the trial of these three consolidated cases the plaintiffs introduced all their evidence and then rested.

The defendants, perceiving the plaintiffs had not made out a case, filed their written motion (pursuant to the statute) challenging the sufficiency of plaintiffs' evidence. Thereupon the chancellor (pursuant to the statute) should have determined the motion.

However, the chancellor, instead of doing what the statute directed him to do, refused to *determine* the motion and, instead, ordered a consolidation with case No. 6549 which contained different parties and different issues. This means the petitioners' motion will not be passed on until the consolidated cases are tried which, in all probability, will mean a delay of several months. This defeats the purpose and plain wording of the act. Once this departure is made other departures, made with equal logic, could easily result in an effectual repeal of the statute.