McCOOL *v.* JONES.

4-9876                                              252 S. W. 2d 80

Opinion delivered November 3, 1952.

124

*Eugene Coffelt,* for appellant.

*Eli Leflar,* for appellee.

ROBINSON, J.   This suit was filed by Jim McCool seeking to enforce a laborer's lien against property now owned by appellees, Earl V. and Shirley M. Jones. Jim McCool died subsequent to filing of the suit and the cause has been revived in the name of appellants herein. When the plaintiffs rested their case, defendants demurred to the evidence. The demurrer was sustained and plaintiffs have appealed.

Appellees say they were at all times owners of the property in question but that the plaintiff, Jim McCool, failed to give them notice of the filing of the lien as required by Ark. Stats., § 51-608, and, therefore, plaintiffs cannot recover. Appellees also contend that Dallas McCool was the contractor on the job and that plaintiffs cannot recover because the said Dallas McCool was not made a party to the suit, as provided by Ark. Stats., § 51-610. It is stated in appellees' brief: "There is only one question presented in this appeal—the status of Dallas McCool. Was he the owner or was he a contractor?"

It is the contention of appellants that Dallas McCool was the owner of the property at the time Jim McCool worked thereon, and Jones obtained title subsequent to the filing of the lien.

The parties stipulated as follows: "It is stipulated and agreed by and between the parties hereto that Den-

ton and Louise McCool, his wife, acquired title to the real estate involved herein by warranty deed executed by Gene Thrasher and Juanita Thrasher on the 8th day of August, 1950, as shown by Deed Record Book 286 at page 584.

"It is further stipulated that Denton McCool and Louise McCool, his wife, conveyed the property in question to Earl V. Jones and Shirley M. Jones by warranty deed on the 15th day of November, 1950, and made a matter of record on the 18th day of November, 1950, as reflected by Deed Record, 288, page 570. It is further stipulated that Earl V. Jones and Shirley M. Jones executed their deed of trust in favor of the United Building & Loan Association of Fort Smith, Arkansas, on the 15th day of November, 1950, and it became a matter of record on the 18th day of November, 1950, as reflected by Mortgage Record 169 at page 78. All records being records in the Recorder's office in Benton County, Arkansas. It is further stipulated that Lien Record C at page 143 reflects a lien filed by Jim McCool against Dallas McCool and Earl Jones on November 10, 1950; said purported lien in its original form consisting of two sheets being marked plaintiffs' Exhibit No. 1 and offered in evidence."

Mrs. Ethel McCool, widow of Jim McCool, testified that Dallas McCool and Denton McCool were one and the same person. She further testified that her husband, Jim McCool, in his lifetime worked for Denton McCool at Rogers as a carpenter building a house on the property involved in this lawsuit; that her husband worked on the house from June until the 30th or 31st of August, and that he was never paid for his labor. When the plaintiffs had rested their case, on the authority of Ark. Stats., § 27-1729, the defendants demurred to the evidence and the court sustained the demurrer. It is claimed by appellees that the following testimony given on cross-examination by Mrs. Ethel McCool proves that her husband, Jim McCool, was the contractor and the Joneses were the

owners, and, therefore, the court was justified in sustaining the demurrer to the evidence.

. . . . .

"Q. As a matter of fact, do you know Dallas McCool had a contract to build a house for Earl Jones?

"A. Yes.

"Q. You have previously stated that he was employed by Dallas McCool or Denton McCool to do certain carpenter work—is that right?

"A. On the Jones house.

"Q. What was the reference made to this house by your husband—was he speaking of it as the Denton McCool or Dallas McCool house, or was he speaking of it as the Jones house?

"A. He would just say Denton-Jones. He knew Denton was building the house for Jones.

"Q. Do you know of any work which Jim McCool ever did under contract with Earl Jones or Shirley Jones?

"A. No, I don't.

"Q. If he had done such work would you have known of it?

"A. Sure."

. . . . .

We do not think this testimony justifies sustaining the demurrer to the evidence. If the demurrer had been overruled and the defendant had produced no evidence, and a decree had been rendered in behalf of the plaintiffs, it could not be said that the evidence does not support the decree.

It is stipulated that Denton McCool and Louise McCool, his wife, acquired title to the real estate involved herein by warranty deed executed by Gene Thrasher and Juanita Thrasher on August 8, 1950, which was prior to the filing of the lien. This stipulation in itself would be sufficient to constitute a *prima facie* case on behalf of

plaintiffs as to the ownership of the property. Moreover, in addition to the stipulation, there are inferences to be drawn from the evidence going to show that Denton Mc-Cool was the owner—the fact that he and his wife received a warranty deed to the property—the fact that they held the property as an estate by the entirety—the fact that they conveyed by warranty deed.

In the case of *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, this Court had under consideration Act 470 of 1949 (Ark. Stats., § 27-1729) authorizing demurrers to the evidence in chancery cases, and there said: ''What, then, is the effect of a demurrer to the evidence or a similar pleading in jurisdictions recognizing that practice? The question may arise either in equity cases, where the Chancellor is the arbiter of the facts, or in cases tried at law without a jury, where also the trial judge decides all issues of fact. By the overwhelming weight of authority, it is the trial court's duty, in passing upon either a demurrer to the evidence or a motion for judgment in law cases tried without a jury, to give the evidence its strongest probative force in favor of the plaintiff and to rule against the plaintiff only if his evidence when so considered fails to make a *prima facie* case.''

The decree is accordingly reversed and the cause remanded for further proceedings.