LAWS *v*. MELTON.

4-9964                                     253 S. W. 2d 966

Opinion delivered January 12, 1953.

---

W. F. Reeves, for appellant.

Mills & Mills and N. J. Henley, for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellant, Mary Laws, for specific performance of a parol contract to convey land. She alleged that her foster mother, Carrie Dampf Blackwell, agreed to deed or give the land to appellant if she would move from California where she resided in 1948 and live with and take care of Mrs. Blackwell for the remainder of her life; but that Mrs. Blackwell died in June, 1950, without having made the promised conveyance although appellant had performed her part of the contract.

At the conclusion of the testimony on behalf of the appellant, the appellees, who are the heirs of Carrie Dampf Blackwell, deceased, filed a demurrer to the evidence. This appeal is from a decree sustaining the demurrer and dismissing the complaint.

We have construed Ark. Stats., § 27-1729, as amended by Act 470 of 1949, as requiring the chancellor, in passing upon a demurrer to the evidence, to give such evidence its strongest probative force in favor of the plaintiff and to rule against the plaintiff only if his evidence, when so considered, fails to make a *prima facie* case. *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225. Hence, the only question presented here is whether the evidence

presented by the appellant was sufficient to make a *prima facie* case.

The evidence offered by appellant shows that she made her home with Mr. and Mrs. Blackwell at Marshall, Arkansas, from about 1930 when appellant was nine years of age until 1940 when she went to California where she married. Appellant continued to reside in California until March, 1950, when she returned to Marshall, Arkansas, and lived with Mr. and Mrs. Blackwell until the latter's death in June, 1950.

Mrs. Blackwell owned land in Marshall which was separated into two tracts by U. S. Highway 65 with the Blackwell home located on the south side of the road and some tourist cabins north of the road. Mrs. Blackwell visited the appellant and her husband in California in November and December, 1948. At that time she expressed an intention to give or convey the home place located south of the highway at Marshall to the appellant at some future date. Mrs. Blackwell also expressed to her neighbors the same intention on numerous occasions before and after the appellant returned to Marshall in 1950.

We have carefully examined the testimony and find no witness testifying to the existence of a contract to convey the land as was the case in *Fred* v. *Asbury,* 105 Ark. 494, 152 S. W. 155, and other cases cited by the appellant. While the declarations of Mrs. Blackwell manifested an intention to give the land to appellant at some time, we agree with the chancellor that this evidence is inconsistent with the theory that appellant should have to earn the property by rendering some service to Mrs. Blackwell. This evidence is similar to that adduced by the appellant in *Smithwick* v. *Bank of Corning,* 95 Ark. 463, 130 S. W. 166, where a widow frequently spoke of monies left her by her deceased husband as belonging to his sole heir, but died leaving said heir nothing in her will. The court said: ''The money received by the widow in the division of the estate of her husband was her absolute property. Her frequent declarations that it was the appellant's money did not convert it into a

trust fund. They manifested an intention to give the same to appellant at some time. But they were not based on any consideration, and were not binding on her. Intention without acts is of no effect."

Nor do we find any substantial evidence to support a completed oral gift of the land to the appellant. We have frequently held that a parol gift of land will not be enforced unless followed by possession and by valuable improvements made by the donee, or unless there are some other special facts which would render the failure to complete the donation peculiarly inequitable and unjust. *Young* v. *Crawford,* 82 Ark. 33, 100 S. W. 87; *McCulloch* v. *McCulloch,* 213 Ark. 1004, 214 S. W. 2d 209. There is nothing in either the pleadings or proof in the instant case to indicate that Mrs. Blackwell ever surrendered or delivered the possession of the land to the appellant.

Since there is no substantial evidence of either the existence of a contract to convey to the appellant or of a completed oral gift of said land, the appellant failed to make a *prima facie* case and the chancellor correctly sustained the demurrer to the evidence.

The decree is affirmed.