PEOPLES MUTUAL HOSPITAL ASSOCIATION *v.* BENNETT.

5-313                                             265 S. W. 2d 703

Opinion delivered March. 1, 1954.

[Rehearing denied April 5, 1954.]

*Tom Gentry* and *John Shamburger,* for appellant.

*Quinn Glover* and *Carl Langston,* for appellee.

Ed. F. McFaddin, Justice. The question presented for decision is whether Lena Jordan was the owner of certain property in her own right, or as Trustee for appellant, Peoples Mutual Hospital Association, Inc. (hereinafter called "Association"). We do not, however, reach the presented question; since the procedure which the appellee invoked in the Trial Court, makes necessary a reversal and a remand for further proceedings.

The Association was the plaintiff in the Chancery Court. At the conclusion of the evidence offered by the Association, the defendant (appellee here) filed her written pleading, claiming that the evidence offered by the Association was insufficient to sustain a decree in its favor. In other words, the defendant offered a demurrer to the evidence, under Act No. 470 of 1949 (see § 27-1729 Ark. Stats. Cumulative Pocket Supplement). The Chancery Court sustained the demurrer and dismissed the case, and this appeal challenges the correctness of the dismissal.

In *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225, we held that a demurrer to the evidence could be filed, in an equity case, under Act No. 470 of 1949; and that in such instance, the duty of the Chancery Court was ". . . to give the evidence its strongest probative force in favor of the plaintiff and to rule against the plaintiff only if his evidence when so considered, fails to make a *prima facie* case . . ." We also pointed out that in passing on the demurrer to the evidence, the Chancellor would not weigh the evidence; he would merely act as a Circuit Judge would act when passing on a motion for an instructed verdict: that is, he would view the evidence in the light most favorable to the plaintiff, and if so viewed a *prima facie* case had been made, then the demurrer to the evidence should be denied, just as a motion for an instructed verdict would be denied by a Circuit Judge.[1]

---

[1] The holding in *Werbe* v. *Holt* has been followed in all subsequent cases in which the demurrer to the evidence has been an issue. Some such cases are *Poynter* v. *Williams*, 218 Ark. 570, 237 S. W. 2d 903; *Mo. Pac.* v. *United Brick Local*, 218 Ark. 707, 238 S. W. 2d 945; *Mc-*

·When we test the case at bar by the holding in *Werbe* v. *Holt (supra)*, i. e. give the evidence offered by the Association its strongest probative force, these matters appear:

(a)   Henrietta Cullins testified: that Lena Jordan had no money of her own; that the money belonging to the Association was turned over to Lena Jordan, who was managing the Association's hospital; that Lena Jordan disposed of other property of the Association and with the proceeds acquired the property here in dispute; and that she used, exclusively, the funds of the Association in such acquisition.

(b)   Theodore Jordan testified that the property here in dispute was purchased for the Association by Lena Jordan, its Agent.

(c)   Wash Jordan testified that he visited the property in dispute and had a discussion with Lena Jordan, and was advised by her that the property here in dispute was being operated by Lena Jordan for the Association.

(d)   From other evidence it was shown that Lena Jordan purchased the property here involved with money furnished entirely by the Association, and that she admitted that she was operating the property exclusively for the Association.

The plaintiff's evidence, given its strongest probative force, was sufficient to justify a finding of a trust in favor of the plaintiff. See *Wilson* v. *Edwards*, 79 Ark. 69, 94 S. W. 927; *Home Land & Loan Co.* v. *Routh*, 123 Ark. 360, 185 S. W. 467; *Stacy* v. *Stacy*, 175 Ark. 763, 300 S. W. 437; *Edlin* v. *Moser*, 176 Ark. 1107, 5 S. W. 2d 923; *Shelton* v. *Lewis*, 27 Ark. 190; *Barron* v. *Stuart*, 136 Ark. 481, 207 S. W. 22; *Nelson* v. *Wood*, 199 Ark. 1019, 137 S. W. 2d 929; and *Mack* v. *Martin*, 211 Ark. 715, 202 S. W. 2d 590.

---

*Cool* v. *Jones*, 221 Ark. 123, 252 S. W. 2d 80; *Laws* v. *Melton*, 221 Ark. 466, 253 S. W. 2d 966; *Paskle* v. *Paskle*, 221 Ark. 733, 255 S. W. 2d 671; and *Hammond* v. *Stringer*, 222 Ark. 189, 258 S. W. 2d 46.

So the defendant's demurrer to the evidence should have been overruled and the defendant allowed to proceed as she saw fit. Accordingly, the decree of dismissal is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.