SCOTT *v.* SCOTT.

5-554                                    274 S. W. 2d 465

Opinion delivered January 17, 1955.

*Geo. F. Edwardes,* for appellant.

*Collins, Core & Collins* and *Gordon E. Carlton,* for appellee.

Robinson, J.   Mrs. Flora G. Scott was the mother of two sons and one daughter who survive her, and one son who preceded her in death. The deceased son is survived by a daughter, Bertha Scott, and his widow who is now Mrs. Johnnie K. Packard.

In 1940 Mrs. Scott executed and delivered a deed conveying 2715.57 acres of land in Sevier County to her sons Reed Scott and Jeff Scott, and her daughter Mamie S. Hammonds, the appellees herein. Bertha Scott, the appellant, granddaughter of Mrs. Flora G. Scott, was not mentioned in the deed. Mrs. Flora G. Scott died in February, 1952, at the age of 85 years. Subsequent to the death of Mrs. Scott the deed was recorded.

The appellants herein, the widow of Roswell Scott, the deceased son of Mrs. Flora G. Scott, and Bertha Scott, the daughter of Roswell Scott, filed this suit attacking the validity of the deed executed by Mrs. Flora G. Scott in 1940 conveying the lands to her children Reed Scott, Jeff Scott, and Mamie S. Hammonds. When the plaintiffs rested their case the trial court granted a motion for a decree in favor of defendants.

First, appellants contend that the delivery of the deed by Mrs. Flora G. Scott at the time of its execution was conditional and therefore void. If the plaintiff had introduced sufficient evidence to make out a *prima facie* case, it would have been the duty of the Chancellor to have overruled the motion for a decree in favor of the defendants. *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225; *Laws* v. *Melton,* 221 Ark. 446, 253 S. W. 2d 966. However, there is no substantial evidence going to show that the deed was conditional. It is true that subsequent to the execution and delivery of the deed, Mrs. Scott executed a deed conveying the timber on the land, but this could have been done to facilitate the transfer of the timber since the deed previously executed by Mrs. Scott to her sons and daughter had not been placed of record; and standing alone, this does not constitute substantial evidence going to show that the deed previously executed by Mrs. Scott and delivered to her children was conditional. It appears that Mrs. Scott's deed to her children was executed according to her wishes, and it was delivered. There is no indication that she was in any way incompetent nor was any undue influence exercised in any manner.

The second point urged by appellants is that transactions by aged and infirm persons should be carefully reviewed. There is nothing to indicate that Mrs. Scott did anything contrary to what she wanted to do, and she was fully capable of exercising her own judgment.

Affirmed.