PEOPLES MUTUAL HOSPITAL ASSOCIATION, INC. *v.* BENNETT.

5-585                                                      275 S. W. 2d 765

Opinion delivered February 28, 1955.

*Tom Gentry* and *John Shamburger,* for appellant.

*Quinn Glover* and *Carl Langston,* for appellee.

ROBINSON, J.   This appeal involves the ownership of the north 43 feet of Lot 11 and all of Lot 12, Block 272, original City of Little Rock.   Appellant Peoples Mutual Hospital Association, Inc., hereinafter referred to as Hospital Association, contends that it is the owner of the equitable title.   The property was purchased in 1940 by Lena Jordan from the Union National Bank for the consideration of $2,500, $250 paid in cash and the balance payable in monthly installments of $25 including interest.   Lena Jordan died in 1950, and appellee Lena Hollis Bennett claims under the will of Lena Jordan.

The Hospital Association maintains that Lena Jordan bought the property as agent of the Association with funds belonging to it, thereby giving rise to a constructive trust.

This is the second time this cause has been before this court. In the first case, *Peoples Mutual Hospital Ass'n v. Bennett,* 223 Ark. 232, 265 S. W. 2d 703, the chancellor had sustained the defendant's demurrer to the evidence. It was held by this court that the plaintiff's evidence, when given its strongest probative force, was sufficient to make out a *prima facie* case, and on authority of *Werbe v. Holt,* 217 Ark. 198, 229 S. W. 2d 225, the demurrer to the evidence should have been overruled.

It is true the Hospital Association makes out a *prima facie* case. Evidence that can be said to be substantial was introduced tending to sustain the Hospital Association's claim of a trust. As pointed out by this court in the first case, there was testimony given by Henrietta Cullins who had served as secretary of the Hospital Association, and Theodore and Wash Jordan, sons of Peach Jordan (husband of Lena Jordan), to the effect that Lena Jordan had purchased the property with money furnished entirely by the Association; and also evidence to the effect that she had admitted that she was managing the property solely for the benefit of the Association. But the appellee here, at the second trial in chancery court produced overwhelming evidence to the effect that Lena Jordan owned the property in her own right and not as trustee of the Hospital Association. It is shown by the evidence that she was a registered nurse and married Peach Jordan in Georgia in 1920, and moved with him to his home in Little Rock. Jordan at the time was the head of a fraternal organization known as the Mosaic Templars of America. This organization operated a hospital at 9th and Broadway, Little Rock; in 1931 Mosaic Templars due to financial conditions went out of existence. Later Jordan organized the company that is appellant here, the Peoples Mutual Hospital Association, Inc. It appears that the Hospital Association was chiefly engaged in providing

hospital facilities to its members; however, the evidence is completely convincing that the Association never owned a hospital, but depended on using the hospital facilities provided by Peach Jordan or Lena Jordan, and perhaps other hospitals.

Peach Jordan owned the property at 2422 and 2424 Ringo Street, and the first hospital used by the Association was the Lena Jordan Hospital located at 2422 Ringo. According to the undisputed evidence, this property belonged to Peach Jordan. The Hospital Association makes no claim to it whatever, although this was the location of the first hospital used by the Association. The Lena Jordan Hospital was moved to 1500 Pulaski Street in the early 1930's. Lena Jordan and her daughter Mamie Jordan Hollis, the mother of the appellee, Lena Hollis Bennett, had contracted to purchase the Pulaski Street property in 1928 while the Mosaic Templars Hospital was in full operation, and three years before the Mosaic Templars went out of business.

Lena Jordan purchased the property involved here at 1600 Chester Street on the 17th day of July, 1940, but did not move the hospital to that location until 1942. In other words, she purchased the property two years before making use of it as a hospital. She operated it as a hotel during that time. The Hospital Association makes no claim to the Pulaski Street property. The Association claims that Lena Jordan had no funds of her own with which to purchase the Chester Street property; it must be remembered, however, that at the time of the purchase of this property she was a registered nurse operating a hospital at 1500 Pulaski Street, and it certainly is not beyond the realm of possibility that she could get together $250 as a down payment even in the year of 1940, and thereafter make the $25 monthly payments required.

The documentary evidence shows that Lena Jordan at all times claimed to be the owner of the hospital. Numerous reports in connection with the obtaining of licenses, etc., advertisements, and newspapers articles,

show Lena Jordan to be the owner. Advertising circulars published in 1946 or prior thereto state the hospital was owned and operated by Lena Jordan. There is a petition of Lena Jordan Hospital to rezone the property at 1600 Chester Street; nothing in this petition indicates that the hospital is owned by appellant herein, the Hospital Association. The deed to the property from the Union National Bank to Lena Jordan is dated July 17, 1940, and was recorded two days later. Also there is a quit-claim deed from United Corporation to Lena Jordan dated August 14, 1945, and recorded the same day. There are applications to conduct a hospital in accordance with Act 85 of 1947 for the years 1947 through 1951. All these applications show the owner of the hospital to be Lena Jordan. A schedule of information prepared for the Commissioner of Hospital Care in Chicago in February, 1946, shows the owner of the hospital to be Lena Jordan. Numerous statements for hospital services to the Department of Public Welfare during the years 1949 and 1950 show the owner of the hospital to be Lena Jordan. An application to be placed on the eligible list of hospitals renting service under Act 115 of 1937 shows the owner of the hospital to be Lena Jordan. All the applications for utilities to the water company and the electric company show Lena Jordan to be the owner of the property. A newspaper account of a gift of $1,000 to the hospital on May 10, 1950, speaks of the hospital as the Lena Jordan Hospital, and does not indicate that the hospital was owned by anyone else. In December, 1936, Mrs. W. P. McDermott, President of the Council of Social Agencies of Greater Little Rock, recommended that support be withdrawn from the hospital because it was privately owned and the title to the property was in Lena Jordan. On the forms of ''Agent's Receipt'' of the Hospital Association it is stated: ''The said _____ to receive hospitalization of one year from the date of the home office receipt free of charge in the Lena Jordan Hospital or any other reputable hospital in Little Rock, Arkansas, selected by the President of the Association.'' The group contract of the Asso-

ciation has a similar provision. Hence it appears that the Hospital Association may have used other hospitals in its hospitalization plan as well as the Lena Jordan Hospital. It does not appear that anyone ever questioned Lena Jordan's ownership until a large sum was paid for the property in an eminent domain proceeding.

It is our conclusion that the Chancellor's finding that Lena Jordan owned the property at the time of her death is fully sustained by the evidence.

Affirmed.