FERNWOOD MINING COMPANY v. PLUNA.

Opinion delivered May 12, 1919.

1. STATUTES—CONSTRUCTION OF LANGUAGE.—When the Legislature uses words which have a fixed and well known legal signification, they are presumed to have been used in that sense unless the contrary intention clearly appears.

2. STAY BOND—CONSTRUCTION OF STATUTE—"PERSONAL INJURY."— Under Acts 1909, No. 202, providing that "no stay shall be allowed against * * * a judgment for personal injury or injuries resulting in death caused by neglect or default of another," the words "personal injury" denote an action for bodily harm not resulting in death, and the words "injuries resulting in death" refer to the special statutory action growing out of death caused by the wrongful act of another.

Appeal from Johnson Chancery Court; *Jordan Sellers,* Chancellor; stay bond quashed.

HART, J., (On motion to quash the stay bond granted). Appellee was severely injured while working as an employee of appellants in their mine in Johnson County, Arkansas. He sued them for damages and recovered judgment in the circuit court for $25,000, and the judgment was affirmed in this court. The question now presented for the determination of the court is whether or not appellants are entitled to a stay of judgment for six months under section 3253 of Kirby's Digest as amended by Act 202 of the Acts of 1909. See *Parker* v. *Wilson,* 99 Ark. 344.

The act in question read as follows:

"No stay shall be allowed upon a judgment or decree against any collecting officer or attorney at law, or agent for a deliquency or default in executing or fulfilling the duties of his office or place, or failing to pay over money collected by him in such capacity, or against a principal by his surety, or of a debt due by obligation having the force of a judgment, or of a judgment or decree for specific property, or for the property or its value, or a judgment or decree enforcing a lien in favor of a vendor or mortgagee, or a judgment for personal injury or injuries resulting in death caused by neglect or default of another. In the cases mentioned in this section which a stay is not allowed, the execution shall be so endorsed by the clerk." Acts of 1909.

The only change in the section of Kirby's Digest just referred to made by the Legislature of 1909 is the inclusion in the section of these words, "or a judgment for personal injury or injuries resulting in death caused by neglect or default of another." It is the contention of counsel for appellants that the adjective "personal" qualifies both the words "injury" and "injuries." Hence they contend that the statute does allow a stay in personal injury cases of this character, and that only

injuries resulting in death caused by the neglect of another are excepted by the provisions of the statute.

On the other hand, it is contended by counsel for appellee that the words "personal injury" denote an action for negligently causing bodily harm not resulting in death; and the words "injuries resulting in death" refer to the special statutory action growing out of death caused by the wrongful doing of another referred to above.

It is a settled rule of construction of statutes that when the Legislature uses words which have a fixed and well known legal signification, they are presumed to have been used in that sense, unless the contrary intention clearly appears. *State* v. *Jones,* 91 Ark. 5; *Townsend* v. *Penrose,* 84 Ark. 316; *Beasley* v. *Equitable Securities Company,* 72 Ark. 601, and *Buckner et al.* v. *Real Estate Bank,* 5 Ark. 536.

Our statute does not define the meaning of the term "personal injury" as is the case in New York and other states.

Blackstone says that the right of personal security consists in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health, and his reputation. Lewis' Blackstone, Vol. 1, *129. A violation of these rights at common law is called an "injury to the person" or "personal injury" as contradistinguished to a wrong to a person's property rights. In the ordinary acceptation of the term and the one almost universally used by the legal profession, the words "personal injury" denote bodily harm not resulting in death and an action for "personal injury" or for "personal injuries" mean an action for negligently causing bodily harm not resulting in death.

On the other hand, the common law never designated an action for negligently causing death as an action for "personal injury." Such an action was unknown to the common law and is a creation of statute. It was long ago settled in this State that the right to recover when death ensued did not exist in the character of cases like the

present.   At common law an action for the recovery of
damages for the wrongful killing of a human being was
the result of the statute of 9 and 10 Victoria passed in 1846
and known as Lord Campbell's Act.   That act, in effect,
provides that an action may be maintained whenever
death is caused by the wrongful act or neglect which
would have entitled the person injured to maintain an
action if death had not ensued and such action is for the
benefit of certain named persons.   Statutes substantially
similar to Lord Campbell's Act in these respects have
been enacted in a majority of the States, including our
own.   *Davis* v. *Railway,* 53 Ark. 117.   So it will be seen
that there is a legal distinction between the meaning of
the term "personal injury" and the words "injuries re-
sulting in death."   We do not think there is anything in
the language of the act to indicate that the words were
used by the Legislature in other than their common or
legal acceptation.   The conjunction "or" between the
term "personal injury" and the words "injuries result-
ing in death" thus joins as alternatives terms expressing
unlike things or ideas which is one of the meanings given
it in the dictionary.   Then the words "caused by neglect
or default of another" relate to or modify both terms.
In the application of this well known rule of construction
we think it is plain that the Legislature intended that an
action like the present one should be included in the term
"personal injury" and use the term "personal injury"
to mean an action wherein a living party who is before
the court has sustained an injury to his person and that
the term "injuries resulting in death" refers to the
action for negligently causing death given by section
6285 of Kirby's Digest.   Even if it should be said that
the term "personal injury" should be given its broadest
meaning as at the common law, it will be seen that it does
not include the statutory action for wrongfully causing
death.

The construction we have given the act harmonizes
it by leaving no redundant words in it and giving to the

words used their well understood and commonly accepted meaning.

It follows that the motion to quash the stay bond will be granted.

McCULLOCH, C. J., (dissenting). The subject was dealt with by the lawmakers according to their unrestricted will, and there is no reason for attributing to them any intention other than that plainly expressed in the language of the statute. The statute in general terms declares the right of a judgment debtor to stay the judgment against him in all instances except those expressly mentioned, among others, ''a judgment for personal injury or injuries resulting in death caused by neglect or default of another.'' It seems to me that according to ordinary rules of interpretation the words ''resulting in death'' modify all that goes before on the subject embraced. It must be and is conceded on all sides that the words ''caused by neglect or default of another'' relate back to and modify all that goes before, and if that be true, the preceding words ''resulting in death'' must also modify the words ''personal injury'' as well as the words ''injuries.'' If the word ''or'' had been intended to disjoin the words ''personal injury'' from the word ''injuries'' so as to make the words ''resulting in death'' relate solely to the latter, then the words ''caused by neglect or default of another'' should also be so construed, but that would lead to an illogical result, and the mention of it shows, I think, that the construction given to the statute by the majority is incorrect.

It is plain to my mind that the framer of the statute meant to use the two words ''injury'' and ''injuries'' to denote singular and plural, unnecessary, it is true, but a form of expression often resorted to. There is nothing to indicate that the language used was meant in any technical sense, or meant in any sense except that judgment for injury or injuries resulting in death caused by neglect or default of another should be exempted from

the general operation of the statute. It is peculiar to assume that the framer of the statute intended to change the number from singular to plural in describing the two different kinds of judgments. Such is not the ordinary inference to draw from the use of both singular and plural numbers, for the natural drift of mind in framing a sentence is to follow the same form and continue the use of the number first adopted. It is more reasonable to suppose that it was meant to use the singular and plural with reference to the same subject, rather than that the different numbers should be used with reference to two different subjects.

Again, the contention adopted by the majority leads to the result, as is so forcefully said by counsel, that the word "personal" does not qualify the word "injuries" at all, and is limited in its operation to the word "injury." It is hardly conceivable that the Legislature would have made such a distinction.

If it was intended to exempt two different kinds of judgments from the allowance of stay, as the majority now hold, that is to say recoveries of judgments by individuals for injuries to their own persons caused by the neglect or default of another, and judgments rendered in favor of the next of kin or the personal representatives of decedents for injuries caused by neglect or default of another which resulted in the death of such decedents, then much more explicit and appropriate language would have been used to express that meaning. The plain English of the clause is, I think, that all judgments for personal injuries resulting in death are within the exemption and that all others may be stayed. The framer of the statute had his own reasons for making the distinction in the kinds of judgments to be exempted from stay and it is not within our province to inquire into those reasons, for the legislative will on the subject is supreme, whether reasonably or arbitrarily exercised.

Mr. Justice SMITH concurs in these views.