HINES *v.* MILLS.

4-3012

Opinion delivered May 15, 1933.

*Cleveland Cabler,* for appellant.
*R. W. Wilson,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Jefferson County affirming an order of the probate court of said county directing appellee, as guardian of Veota House, to invest $994.50 of the ward's money in Cities Service common stock. The order was made by the probate court on petition of the guardian on September 9, 1930. The trust fund invested was obtained from the United States Government through the Veterans' Administration, and appellant, acting in the interest of the trust fund, through his attorney, in 1932, filed a petition in said probate court to charge appellee with the amount thus invested on the ground that the probate court was without authority to make such order. The order of the probate court was made pursuant to § 12 of act 36 of the General Assembly of 1929,

known as the Uniform Veterans' Guardianship Act, which is as follows:

"Every guardian shall invest the funds of the estate in such manner or in such securities, in which the guardian has no interest, as allowed by law or approved by the court."

The language of the act is unambiguous, and, as written, has one meaning only. It says and means that a guardian may invest his ward's funds in securities "allowed by law or approved by the court." It is contended by appellant that the word "or" should be construed as meaning "and" in order to effectuate the intent of the Legislature. In other words, it is contended that the statute means and was intended to mean that a guardian might invest the trust fund in only such securities as the law allowed if and when approved by the court. It is only permissible to use the words "or" and "and" interchangeably in statutes where the context requires that it be done to effectuate the manifest intention of the Legislature or where not to do so would render the meaning ambiguous or result in an absurdity. It is not necessary to substitute the conjunctive "and" for the disjunctive "or" in the statute to prevent either a dubious meaning or an absurd one. There is nothing in the context to indicate that the Legislature intended in the enactment to use the word "and" in the place of the word "or." If the purpose of the Legislature was to authorize guardians to invest the trust fund in securities designated by it as well as those which the probate court might approve, then the word "or" was not used by it through mistake. The word "or" was used without rendering the meaning either dubious or absurd. It would not be permissible for this court to substitute the word "and" for "or" to effectuate a change in the intention of the Legislature. Such a change would amount to an encroachment upon legislative prerogatives.

Appellant argues that it must be done in order to harmonize this statute with other statutes relating to the same subject. We think not if this statute be treated as enlarging previous statutes by permitting the guardian

to invest the trust fund in additional securities when approved by an order of the probate court. There is no conflict between this act and previous acts relating to the investment of trust funds by guardians; so, if the word ''or'' is left in the act in question, all the acts are *in pari materia,* and may be read as a harmonious whole.

''The current of authority at the present day is in favor of reading statutes according to the natural and most obvious import of the language, without resorting to subtle and forced constructions for the purpose of limiting or extending their operation.'' *Waller* v. *Harris,* 20 Wend. 562; *Phillips County* v. *Pillow,* 47 Ark. 404, 1 S. W. 686; *Fernwood Mining Company* v. *Pluna,* 138 Ark. 459, 213 S. W. 397; *Parker* v. *Wilson,* 99 Ark. 344, 137 S. W. 926.

No error appearing, the judgment is affirmed.