*In re* PARKER.

(*Nashville*, December Term, 1934.)

Opinion filed January 12, 1935.

J. M. NIXON, of Nashville, for plaintiff in error.

MURCHISON & PATTERSON, of Jackson, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Sam T. Parker was appointed and qualified as guardian of Hazel Ernestine Arnold, a minor, according to the provision of the Uniform Veterans' Guardianship Act, Code, section 8541 et seq. The administrator of the World War Veterans' Bureau challenged the guardian's settlement and appealed from the judgment of the county court approving it.

March 8, 1934, the guardian purchased endowment insurance, the contract providing for payment of $6,000 to his ward at the expiration of fifteen years or upon death before maturity to her mother. The contract provided for premiums of $346.14, payable annually in advance, and the guardian paid the first premium.

The ward's income from the estate in the hands of the guardian consisted of $20 a month pension, payable by the Veterans' Bureau, and $300 a year interest on Carroll county bonds. The annual income from the bonds lacked $46 of paying the annual premium and enough would have to be taken from the $240 a year pension to make that up.

The record discloses no facts as to the financial condition of the ward's mother, but on the other hand contains no suggestion that she would be deprived of any necessity or of any educational benefit by the plan adopted.

Upon the guardian's settlement November 22, 1934, the county court allowed him credit for the premium paid on the endowment contract and in addition fixed his

compensation at $265.43. There is no assignment of error that the allowance for compensation is excessive, or that it is not authorized by the act.

It is insisted through the several assignments of error: (1) That the county court was without jurisdiction or power to authorize the guardian to invest a portion of his ward's funds in endowment insurance; and (2) that because the guardian misused the funds to purchase the endowment it was error to allow him any compensation. It is agreed that prior to the purchase of the endowment an order was entered in the county court of Madison county authorizing and approving the investment under provisions of section 12 of the Uniform Veterans' Guardianship Act (Code, section 8552).

By a pre-existing law, sections 8496 and 8500 of the Code, the county courts were given limited power to regulate the investment of surplus income from a ward's estate and to authorize a sale of securities for reinvestment. Under the general statutes, guardians are required to keep surplus income invested.

Section 12 of the Uniform Veterans' Guardianship Act, now section 8552 of the Code, conferred power upon the court in which the trust is administered to authorize guardians appointed and governed by provisions of the act to make investments other than as provided by general statutes. The language of the act is: "Every guardian shall invest the funds of the estate in such manner or in such securities, in which the guardian has no interest, as allowed by law or approved by the court."

It is said in the brief of appellants that the essential facts are not in dispute. The only question presented by the opposing arguments and briefs of the counsel is whether the Uniform Veterans' Guardianship Act em-

powered county courts to authorize guardians to make the particular investment.

The act presents an elaborate scheme for the administration of estates derived from war risk insurance and other proceeds coming from the veterans' administration belonging to incompetents and infants. It is one of the series of uniform acts enacted in many states of the Union. Section 2 of the act (Code, section 8542) declares that when, pursuant to any law of the United States or regulation of the Bureau, the director requires, prior to payment of benefits, that a guardian be appointed for a ward, such appointment shall be made in the manner hereafter provided. The act then proceeds throughout its several sections to provide for the appointment of a guardian, to regulate his conduct in every essential detail, and to prescribe rules for his government. These provisions indicate a definite purpose that guardians intrusted with proceeds derived from the War Risk Bureau shall be governed by its provisions, to the exclusion of the general laws on the subject. Section 12 of the act explicitly extends the power to the court in which the trust is administered to authorize guardians governed by the act to make investments. This is necessarily so because the act places the management of the ward's estate, within the limitation of section 12, under the power and protection of the court in which the guardian was appointed and by which his settlements and the control of the estate are regulated.

As to the general power of the county court and indicative of the limitations upon the power to control investment of a ward's estate, see *Ex parte Crutchfield*, 3 Yerg., 336; *Woodard* v. *Bird*, 105 Tenn., 682, 59 S. W., 143; *Lake* v. *McDavitt*, 13 Lea, 26.

The language of section 12, which has been quoted, is free from ambiguity and expresses a definite meaning which the court must assume the Legislature intended to convey in expressing its purpose to confer power upon the courts to control and regulate the investments of guardians. That power is, of course, limited to the particular tribunal in which the guardian was appointed and by which his trust is controlled.

There is no merit in the insistence of counsel for appellant that "or" should read "and." For the reasons stated in *Case Threshing Mach. Co.* v. *Watson*, 122 Tenn., 148, 122 S. W., 86, 974, the connective "or" is disjunctive as used here and indicates an alternative means of investment upon authority of the court—an investment that may be made beyond investments authorized by sections 8498 and 9596 of the Code.

No authority of a court would be necessary to authorize an investment specifically authorized by the statutes last referred to. Section 12 of the act empowered the county court to authorize guardians to invest their ward's money. In this instance the guardian, acting under an order of the court, invested in the endowment insurance. The court was empowered by the act to make that order.

The question presented by this appeal was carried to the Arkansas Supreme Court for determination, and our conclusion is in accord with the opinion of that court. See *Hines* v. *Mills*, 187 Ark., 465, 60 S. W. (2d), 181.

The question not being before us, we expressly disclaim any purpose to approve this form of investment, where use of such a large proportion of the annual income is required.

Affirmed.