WERBE v. HOLT.

4-9173

229 S. W. 2d 225

Opinion delivered April 24, 1950.

Rehearing denied May 22, 1950.

*J. R. Crocker, O. E. Williams* and *Thomas F. Butt,* for appellant.

*Price Dickson, Rex W. Perkins* and *G. T. Sullins,* for appellee.

GEORGE ROSE SMITH, J. This is a will contest by which the appellants seek to set aside for undue influence an instrument that was probated as the will of F. C. Werbe. By this will the entire estate was devised to the appellee, who was Werbe's housekeeper for several years preceding his death. The appellants are the decedent's heirs at law, though there is some controversy among them as to their respective rights if the will be set aside. That controversy we do not now decide. At the close of the contestants' testimony the appellee filed a motion for judgment before submitting her own proof. The probate judge sustained the motion, and this appeal is from his dismissal of the contest.

We need not detail the evidence, for our decision must rest upon a matter of procedure. It is enough to say that the appellants' proof tended to show that F. C. Werbe was suffering from heart trouble and other maladies when he signed the questioned will, that the appellee had attempted to dominate her employer in the management of his property, had intercepted his mail, had prevented his relatives from visiting in his home, had obstructed his attempt to deed property to his foster son, etc. Several of these assertions were made by implication rather than by direct testimony. When the appellee moved for judgment the trial judge stated that he thought the contestants had failed to establish undue influence by a preponderance of the evidence. For that reason he dismissed the contest without hearing the appellee's witnesses.

Our decision involves two procedural questions of first impression. We must treat the appellee's motion for judgment as having been filed under the authority of Act 470 of 1949 (Ark. Stats., 1947, § 27-1729, as amended). That Act provides that in any chancery case the defendant may, at the close of the plaintiff's case, file a written motion challenging the sufficiency of the evidence to warrant the relief prayed. If the trial court grants the motion and we reverse his action on appeal,

we are required by the Act to remand the cause for the development of the defendant's proof.

The first question is whether Act 470 applies to proceedings in the probate courts. By its terms the Act is applicable only to cases in chancery, but the Probate Code provides: "Procedure and rules of evidence in Probate Courts, except as in this Code otherwise provided, shall be the same as in courts of equity." Ark. Stats., § 62-2004. Act 470 undoubtedly governs procedure in courts of equity, and by the Code the legislature has declared that the probate courts are to follow equity procedure. We think it perfectly clear that Act 470 does apply to probate proceedings.

The second and more difficult question is this: When the defendant in an equity or probate case asks for judgment at the close of the plaintiff's testimony, should the trial judge view the evidence in the light most favorable to the plaintiff to determine whether a *prima facie* case has been made, or should he weigh the testimony to decide whether the plaintiff has proved his case by a preponderance of the evidence? In short, does a motion filed under Act 470 present an issue of law or of fact? In the case at bar this question is of primary importance, for the appellants' proof was undoubtedly sufficient to raise a jury question had the suit been tried in a circuit court. But if the problem is where the preponderance lay, a much closer question is presented.

Forceful arguments are advanced to support each suggested construction of Act 470. For the appellee it is said that the trial judge must eventually weigh the evidence in any event; why should he not do so at the first opportunity? The appellants answer that reason and authority back their contention that the motion raises only an issue of law regarding the sufficiency of the plaintiff's case.

After a painstaking study of this matter we are unanimously of the opinion that the motion presents a question of law and not of fact. The General Assembly evidently chose its language with care, and what the

motion challenges is "the sufficiency of the evidence" to warrant the relief prayed. The quoted phrase has a familiar legal meaning—a meaning that does not involve the weighing of evidence. For instance, it is often said that the defendant's motion for a directed verdict in suits at law challenges "the sufficiency of the evidence" to take the case to the jury. Here the legislature has used a phrase of well known legal signification, and it is presumed to have used the language in that sense. *Fernwood Mining Co.* v. *Pluna*, 138 Ark. 459, 213 S. W. 397.

The history of this statute confirms our interpretation of the legislative intention. For more than a century one difference between the practice at law and that in equity was that in a law case the defendant could test the sufficiency of the plaintiff's evidence by moving for a directed verdict when the plaintiff rested. In equity the defendant did not have this option. He was required to rest his own case before asking judgment, so that such a motion at the close of his adversary's proof involved the relinquishment of his right to call his own witnesses if the motion should be denied.

The first suggestion that the practice in equity had been changed to conform to that at law was made after the passage of Act 257 of 1945 (Ark. Stats., § 27-1729, as it read before the 1949 amendment). That Act provided that in equity, at the close of the plaintiff's case, the defendant might file a written demurrer setting forth any defenses that could previously have been raised by that pleading. In *Kelley* v. *Northern Ohio Co.*, 210 Ark. 355, 196 S. W. 2d 235, we held that the 1945 Act did not enable the defendant to demur to the plaintiff's evidence. We pointed out that a demurrer to the evidence has always been unknown to our practice and that by its language the Act allowed the defendant to raise only such questions as could previously have been presented by a demurrer.

By its express terms the 1949 Act is an amendment of the 1945 legislation. We said in the *Kelley* case that the earlier Act did not introduce into our practice the

demurrer to the evidence, but the General Assembly has now declared in unmistakable language that the defendant in an equity case may by written motion challenge "the sufficiency of the evidence" offered by the plaintiff. It is evident that the legislature meant to change the rule of the *Kelley* opinion and bring the equivalent of a demurrer to the evidence into our equity procedure.

What, then, is the effect of a demurrer to the evidence or a similar pleading in jurisdictions recognizing that practice? The question may arise either in equity cases, where the chancellor is the arbiter of the facts, or in cases tried at law without a jury, where also the trial judge decides all issues of fact. By the overwhelming weight of authority it is the trial court's duty, in passing upon either a demurrer to the evidence or a motion for judgment in law cases tried without a jury, to give the evidence its strongest probative force in favor of the plaintiff and to rule against the plaintiff only if his evidence when so considered fails to make a *prima facie* case. Among dozens of cases that might be cited are *Smith* v. *Russell,* 76 F. 2d 91 (C.C.A. 8); *First Nat. Bk.* v. *Northwestern Nat. Bk.,* 152 Ill. 296, 38 N. E. 739, 26 L. R. A. 229, 43 Am. St. Rep. 247; *Wolf* v. *Washer,* 32 Kan. 533, 4 P. 1036; *Butler County* v. *Boatmen's Bk.,* 143 Mo. 13, 44 S. W. 1047; *Weston Elec. Inst. Co.* v. *Benecke,* 82 N. J. L. 445, 82 A. 878. The minority view, which permits the trial judge to weigh the evidence is well stated in *Porter* v. *Wilson,* 39 Okla. 500, 135 P. 732.

We think the majority rule reaches much the better result. The American courts have always followed the theory of an adversary trial. In such a trial the parties are placed on equal terms and each develops his own proof by his own witnesses, though of course the party having the burden of proof must establish a *prima facie* case before his opponent need go forward with the evidence. The minority conception of a demurrer to the evidence is contrary to the traditional procedure in adversary trials, since the defendant is given an advantage. He has the opportunity of twice submitting the case to the trier of the facts. A comparable rule in jury cases

would permit the case to go to the jury at the close of the plaintiff's case, but if the jury found for the plaintiff the verdict would then be set aside so that the defendant could present his evidence and enjoy a second chance to receive a favorable verdict. Furthermore, in many instances the plaintiff's *prima facie* case must necessarily be somewhat weak, for the reason that only the defendant himself may be able to supply details needed to complete the picture. If the case goes to the trier of the facts on the plaintiff's proof alone, the defendant has the advantage of not exposing weaknesses in his own armor unless called to the witness stand by his adversary. For these reasons we have no hesitancy in adopting the majority rule as to the function of a demurrer to the evidence.

In this case the trial court sustained the defendant's motion on the ground that undue influence had not been shown by a preponderance of the testimony, even though the appellants had made a case that would have to be submitted to the jury in an action at law. The judgment is accordingly reversed and the cause remanded for further proceedings.