THOMASON *v.* THOMASON.

5-1086                                              295 S. W. 2d 622

Opinion delivered November 26, 1956.

*G. W. Lookadoo,* for appellant.

*M. J. Thomason,* pro se.

LEE SEAMSTER, Chief Justice. This is an action by the appellant against the appellee for divorce. The grounds alleged in the complaint are that appellee had offered such personal indignities to appellant as to render his condition in life intolerable. The case was heard before the Clark Chancery Court on March 12, 1956. At the conclusion of appellant's testimony and evidence the appellee demurred to the evidence by oral motion, whereupon the trial court sustained the demurrer and dismissed the case for want of equity. This appeal follows.

The appellant is 23 years of age and appellee is 21 years old. The parties were married June 24, 1950, and they separated January 8, 1956. During four and one-

half years of this marriage the appellant has served in the United States Armed Services.

Appellant testified that the difficulty between the parties arose shortly after he entered the armed services. The substance of appellant's testimony was to the effect that his wife was "running around with every Tom, Dick and Harry" while he was serving in the armed services outside of the State or while he was serving overseas; that when they lived together she nagged him all the time, would not let him out of her sight; that she would not clean the house and wanted appellant to wait on her hand and foot.

Appellant further testified that he was presently stationed at an air base in California and his wife, the appellee, had been living in Pike County, Arkansas during a great majority of the time that he had been in service; that he came home on furlough in January, 1956, and told his wife that he was through with her and would not take her back to California with him; that appellee told his mother she would kill him before she would let him return to California without her; that appellee packed her bags and went home to her mother but later returned and started nagging him again.

In response to questioning on cross-examination appellant admitted that he had been dating a woman while stationed in California; that he did not plan to marry this woman after he procured a divorce; that the appellee knew about his affair with this other woman and she packed her bags and left him while he was home on furlough in January, 1956; that he immediately thereafter filed the instant suit for divorce.

Appellant's mother testified that appellee lived at her home part of the time that appellant has been in service; that appellant wrote her that he wanted a divorce from appellee; that she and appellee went to see an attorney to see if they could keep her son from procuring a divorce; that she changed her mind about the divorce after appellee threatened to kill her son if he did not take appellee back to California with him; that their home life was not very peaceful, appellee fussed

at appellant a lot and wanted him to wait on her; that she did not think they could ever live together and be happy; that appellee's actions were all right while she lived with her.

We think this case is governed by the rule laid down in the case of *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225. There we said: "By the overwhelming weight of authority it is the trial court's duty, in passing upon either a demurrer to the evidence or a motion for judgment in law cases tried without a jury, to give the evidence its strongest probative force in favor of the plaintiff and to rule against the plaintiff only if his evidence when so considered fails to make a *prima facie* case."

Viewed from this angle we hold the appellant did make a *prima facie* case. *Coffey* v. *Coffey,* 223 Ark. 607, 267 S. W. 2d 499 and cases there cited. The appellee should be permitted to go forward with her evidence. The court can better decide the case when all the facts have been developed.

Reversed and remanded for further proceedings.