STOKES *v.* STOKES.

5-1109                                           296 S. W. 2d 399

Opinion delivered December 17, 1956.

*A. F. Barham* and *Henry J. Swift,* for appellant.

*Claude F. Cooper,* for appellee.

GEORGE ROSE SMITH, J. This is an appeal from a decree granting the appellee a divorce, for personal indignities. When the plaintiff rested her case the defendant filed a demurrer to the evidence, which the court overruled. Stokes elected to stand on his demurrer and introduced no proof. He now contends that the plaintiff's testimony does not establish her ground for divorce and that it is not sufficiently corroborated.

In passing upon a demurrer to the evidence the chancellor must give the plaintiff's proof its strongest probative force and should sustain the demurrer only when the testimony would require a directed verdict for the defendant if the case were being tried before a jury. *Werbe* v. *Holt,* 217 Ark. 198, 299 S. W. 2d 225. It follows that if the defendant elects to stand on his demurrer the decree will be affirmed if supported by any substantial evidence. *Phillips* v. *Tramble,* 224 Ark. 359, 273 S. W. 2d 400. In the case at bar we cannot say that there is no substantial evidence to sustain the decree.

The parties were married in 1951 and separated three years later. The plaintiff testified that her husband would get drunk about every two weeks and would curse and abuse her. On one occasion he threatened her life with a pistol; on another he threatened to cut her with a pocket knife. The plaintiff's health was so affected by her husband's treatment that she had to consult a physician. In addition to the matters mentioned, the plaintiff says that her husband neglected her and admitted having been out frequently with other women. This testimony, which we have stated in the light most favorable to the appellee, is more than sufficient to justify the chancellor in granting a divorce on the ground of indignities.

Inasmuch as corroboration is required for the purpose of preventing collusive divorce suits, the rule is that the corroboration may be relatively slight when, as here, there is plainly no collusion involved. *Morgan* v.

*Morgan,* 202 Ark. 76, 148 S. W. 2d 1078.  In the court below a police officer testified that the plaintiff, upset and crying, had appealed to him several times in connection with her marital troubles.  A woman who stayed in the couple's home for almost two months says that Stokes refused to talk to his wife and indicated by his attitude that he hated her.  When the record is considered as a whole we think the corroborative testimony meets the standard fixed by our previous decisions.

Affirmed.