PULTS *v.* PULTS.

5-2985                                    367 S. W. 2d 120

Opinion delivered April 15, 1963.

[Rehearing denied May 20, 1963.]

*James E. Evans* and *John H. Joyce,* for appellant.

*Wade & McAllister,* for appellee.

Ed. F. McFaddin, Associate Justice. At the close of appellant's case, the Chancery Court sustained the appellee's written demurrer to the evidence; and the issue on this appeal is whether the Court was correct in its ruling. This requires an application of our holding in the case of *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225, and the subsequent cases involving the same question.

On December 16, 1961, appellee, Mrs. Alice Pults, received a decree of divorce from appellant, George Pults. A property settlement agreement was incorporated in the decree which provided, *inter alia,* that Mrs. Pults would have the care and custody of the two minor sons of the parties during the entire period of minority. One of the boys was then fourteen, and the other was nine. The decree also provided that Mr. Pults would pay Mrs. Pults $200.00 per month for the support, maintenance, and education of the two boys. There was also a property settlement between Mr. and Mrs. Pults, which need not be detailed.

As stated, this decree was on December 16, 1961; and fifteen days later Mr. Pults contracted another marriage. Then, on July 24, 1962, Mr. Pults filed the present petition for reduction of the monthly payments for his two sons, claiming that the expenses caused by his subsequent marriage, plus his decreased income, made it difficult, if not impossible, for him to pay the $200.00 per month for the support of his own sons. He wanted to pay only $100.00 per month. The case came to trial; and after Mr. Pults had offered his desired evidence, the Chancellor sustained Mrs. Pults' written demurrer to the evidence. We copy the Chancellor's opinion:

"The question now presented on demurrer to petitioner's evidence, is whether there has been such a material change in circumstances relative to Mr. Pults since the entry of the decree on December 16, 1961 as would entitle him to, and justify the Court in granting, a modification of the money payments presently required of him. On such demurrer the testimony offered must be viewed in the light most favorable to Mr. Pults.

"Under his testimony, the reason he seeks a change, and the material difference that he alleges has occurred, is that he has suffered a reduction in income so that he is no longer able to meet the scale of payments contained in the property settlement and the decree. Now, actually, he doesn't plead this at all. He pleads that the change in circumstances is that he has remarried, and that his expenses have increased. The matter of his income being reduced was brought out by the proof, but not being objected, the Court may treat the pleadings as amended to conform to the proof, where offered without objection. So, the status of the matter now is that he relies upon the fact that he has remarried since the entry of the decree of divorce, which is a change of circumstances, and that his income has been reduced by about one-half since the decree of divorce. Now, accepting all these things as true, the question is, on this demurrer: does this make a case for the reduction of the money payments? Are these such material changes as would justify a modification in the support order?

"In the opinion of the Court neither of these events, under the state of the proof here, is sufficient to justify a change in the decree. In the first place, the proof does not show that he has suffered a 50% reduction in income or that he has suffered any reduction in income. The proof shows that as of the calendar year 1960, and maybe for some or a part of the calendar year 1961, his income from his employment was $12,000.00 a year. It shows that as of and prior to the entry of the decree of divorce, his salary was $125.00 a week, no bonuses, no dividends, no stock holdings. It also shows that between some time in August of '61 and the entry of the decree in December, he sold his stock for an ultimate purchase price of $30,000.00. The testimony shows that his salary income thus far in 1962 is $125.00 a week, exactly what it was when this divorce was granted and for some time prior thereto. He owned some lots in Springdale which he has since sold for $3,000.00. That is merely a substitution in the form of the asset, the exchange of land for money. The same is true as to his former stock ownership. It doesn't appear to me that there has been any

material change at all, either on the score of assets or time wages.

"Second, as to the remarriage: Under the proof he was married exactly 15 days after the divorce, which is of no consequence except to this extent: there is certainly no one in a proper position to criticize the fact of his right to remarry; but when he did so with the knowledge and memory of the property settlement and the decree only 15 days old in his mind, by no stretch of reasonable imagination can it be suggested that he didn't know what he was doing. He knew what his obligations were under the property settlement and the decree. These were, so far as can be determined, fully and freely and openly entered into and were mutually binding. To say now that he is in a "bind" because he has remarried and has incurred some new expenses, or at least a recurrence of former expenses that he is required to meet as a married person, and that by reason thereof he is not now able to meet the decretal obligations, is to pose the analogy of a drunk man pleading innocent to a charge of speeding because he was so drunk he did not know what he was doing, which, of course, as you know, is no defense at all.

"It's all well and good to show a change of circumstances, but when those changes are wrought by the affirmative and knowledgeable action of the person himself, then he has no standing to come into a court of equity and ask relief from the burden that he voluntarily has assumed. In the opinion of the Court, petitioner has not made a *prima facie* case, and the demurrer should be, and is, sustained. The petition is dismissed at the cost of the petitioner."

As sympathetic as we are with the problem confronting the Chancellor and his evident recollections of the divorce case so recently before him, we nevertheless conclude that the evidence offered by Mr. Pults required that it be weighed in the scales of reasonableness, and its force tested in the balances of equity and justice. We think the excellent opinion of the Chancellor clearly demonstrates that there was such a weighing and test-

ing, and such weighing and testing are not to be done in ruling on a demurrer to the evidence. The demurrer should have been overruled, so the Court could do the required weighing and testing.

It is true that Mr. Pults was drawing an annual salary of only $6,000.00 a year when the divorce decree was granted, as compared with the salary of $12,000.00 a year before the divorce suit was instituted; so Mr. Pults made no case on decreased earning capacity; but he did show expenses which he detailed amounting to $7,107.23 a year. Some of these expenses were for interest on the mortgage that he put on his house to make the property settlement with Mrs. Alice Pults; some of the expenses were for repairs and upkeep of the house. While remarriage is not in itself a sufficient change in circumstances to justify in the eyes of the law the reduction of payments by a father for the upkeep of his own children, still the remarriage, coupled with other circumstances, requires a court to weigh the facts in the scales and to test them in the balance of justice and equity. It is this *"weighing"* that is entirely absent when a chancellor sustains a written demurrer to the evidence at the close of the petitioner's case. If the Chancellor had overruled the demurrer and the respondent had introduced no evidence and the Chancellor had then on final decision reached the same conclusion, we would have affirmed the decree because there would have been a *weighing* of the evidence, which is not permitted in passing on a demurrer.

So we must reverse the decree and remand the cause for further proceedings not inconsistent with this opinion; but since this is an equity case we adjudge all the costs against the appellant.