GRIFFIN v. SOUTHLAND RACING CORP.

5-3135 370 S. W. 2d 429

Opinion delivered September 16, 1963.

*Nance & Nance* and *A. J. Thomas, Jr.,* for appellant.

*Hale & Fogleman,* for appellee.

GEORGE ROSE SMITH, J. The appellee Southland owns a greyhound race track near West Memphis. The appellant Griffin buys, breeds, and sells racing dogs. The management of Southland decided that Griffin was not a desirable spectator at the track and refused to admit him to the premises. Griffin brought this suit to restrain Southland from denying him admittance to the track. This appeal is from an order sustaining a demurrer to Griffin's evidence and dismissing his complaint. In reviewing such an order we give the plaintiff's proof its strongest probative force. *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225.

Griffin owns a half interest in 120 shares of stock in the Southland corporation. He seeks admission to the track, however, not in the exercise of his rights as a stockholder but in the pursuit of his vocation, for he must observe dog races at firsthand to select the best animals for breeding.

In his complaint Griffin based his cause of action upon the fact that he held two free passes to the Southland track. One was a stockholder's pass issued by Southland, the other a tax-free season pass issued by the Arkansas Racing Commission. Each pass recites that it may be revoked by the issuer. Griffin's stockholder's pass was revoked by Southland before the trial below, but his tax-free pass has not been revoked by the Racing Commission.

The chancellor's decision was correct. If Griffin had based his complaint upon his willingness to pay the price

of admission to the track rather than upon his possession of the two passes it is clear that he could not have stated a cause of action. Apart from any possible issue of civil rights, which are not involved here, the controlling rules of law are firmly settled by many decisions in many jurisdictions. The proprietor of a privately owned place of amusement, such as a race track or a theater, is not under a common carrier's duty to render service to everyone who seeks it. It is uniformly held that the proprietor may refuse to admit, or may eject from his premises, persons he thinks to be undesirable. If the prospective patron has already bought his ticket he may be able to maintain an action for breach of contract, or if he is ejected with unnecessary force he may be able to maintain an action in tort. But, owing to the management's right to exclude anyone it pleases, the patron cannot obtain the aid of the courts in seeking to compel his admission to the premises. Many of the cases are reviewed in *Garifine* v. *Monmouth Park Jockey Club,* 29 N. J. 47, 148 A. 2d 1, and *Madden* v. *Queens County Jockey Club,* 296 N. Y. 249, 72 N. E. 2d 697, annotated in 1 A. L. R. 2d 1160.

Griffin's position is not strengthened by his possession of the unrevoked tax-free pass. The statute permits the Racing Commission to regulate the issuance of such courtesy passes, Ark. Stat. Ann. § 84-2835 (Repl. 1960), but in fact no regulations have been issued. Even though the passes are in form issued by the Commission the testimony shows that in reality the Commission leaves the whole matter to Southland, which distributes passes as it chooses. Griffin's pass was not actually issued to him in the first instance; he received it as a gift from someone else.

It is quite apparent that these passes are intended to serve no purpose except that of providing free admission to the track, as an inducement to public attendance at the races. There is no indication that any effort is made to keep the passes from coming into the hands of bookmakers, touts, pickpockets, and others unwelcome at the track. Thus the pass does not represent in any degree whatever an expressed desire on the part of the Commission that

a certain person is to be admitted to the track. The pass is simply a substitute for the price of admission—nothing more. It follows that since a prospective patron may be excluded by management even though he offers to pay the price of admission, he may be similarly excluded when he seeks entrance as the holder of a pass.

Affirmed.

JOHNSON, J., dissents.

JIM JOHNSON, Associate Justice (dissenting). I do not agree with the majority view. This is an appeal from an order sustaining a demurrer to appellant's evidence. In such cases we are bound by the rule laid down in *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 295. That case requires the trial court to give the evidence its strongest probative force in favor of the plaintiff and to rule against the plaintiff only if his evidence when so considered fails to make a prima facie case.

The issue in determining whether a prima facie case has been established in this case, as I see it, is the issue of the right of Southland Racing Corporation to revoke the season pass held by appellant and not the issue of whether a proprietor of a privately owned place of amusement is under a duty to render services to everyone who seeks it. If that was the issue I would unhesitatingly agree with the majority opinion and the authorities therein cited to sustain their position. A careful reading of these authorities reveals, however, that they do not touch top, side or bottom the question of a pass or the revocation of a pass.

The operations of a greyhound race track in this state is a highly controlled and regulated privilege granted by the State of Arkansas and the Rules and Regulation of the Arkansas State Racing Commission. Arkansas Statutes Annotated, §84-2827(A) (Repl. 1960), reads:

"The Commission shall have full, complete and sole power and authority to promulgate rules, regulations and

orders, and prescribe conditions, under which Greyhound Racing shall be conducted by a franchise holder, but the power and authority so granted shall be exercised by the Commission in a reasonable manner, and the holder of any franchise, or any taxpayer, shall have redress to the Pulaski County Circuit Court for any wrong committed by the Commission in the exercise of the power and authority granted herein.''

The law also gives the State Racing Commission the control and regulation of the issuance of all tax-free passes. Ark. Stat. Ann. §84-2835(B) (Repl. 1960).

''The issuance of all tax free passes shall be under the regulations or orders of the Commission.''

A season pass contains the following language:

''1963 Season Pass          Southland Greyhound Park,
          West Memphis, Ark.

Under the auspices and with the compliments of the Arkansas State Racing Commission.

/s/ J. Orville Cheney                    Issued to:
    Secretary                    _____

                                        Form 5.''

· The reverse side of a season pass reads as follows:

''This ticket entitles person to whom issued admission to the track any night during 1963 season. It is not good for admission to the Kennel Club. Arkansas State Racing Commission reserves the right to revoke this courtesy without notice when deemed necessary.''

The rules and regulations of the Arkansas State Racing Commission, of which we take judicial notice, *Kansas City Southern R. Co.* v. *State,* 90 Ark. 343, 119 S. W. 288, expressly state for what causes a franchise holder such as appellees can remove a patron from its premises.

''Rules Governing Greyhound Racing, §125-F:

''Employees or patrons who are careless of the safety of themselves and others, negligent, insubordinate,

dishonest, immoral, quarrelsome or otherwise vicious, or who do not conduct themselves in such manner and handle their personal matters while on the premises of said Greyhound Track in such a way that the franchise holder or Commission will not be subject to criticism or loss of good will, will be prohibited or removed from the premises of any Greyhound Track and denied wagering privileges.''

Appellant introduced evidence showing that he possessed a season pass which was issued by the State Racing Commission; that the pass had not been revoked by the Commission; that Southland Racing Corporation summarily refused without cause to admit appellant to their premises; and continues to deny this privilege to appellant; that he is a breeder, buyer and seller of greyhound dogs, that in pursuit of his vocation he must observe dog races; that he is being irreparably injured by the denial of his admission to the track to carry on his lawful business. All of which considered together in the light of the law and the rules governing passes as set out above, in my view clearly makes a prima facie case under the rule of *Werbe* v. *Holt, supra.*

For the reasons stated, I respectfully dissent.