DOYLE H. STONE ET UX *v.* ELMER J. HALLIBURTON

5-4017                                                409 S.W. 2d 829

Opinion delivered December 19, 1966

[Rehearing denied January 23, 1967.]

*Moses, McClellan, Arnold, Owen & McDermott*: By *James R. Howard,* for appellants

*Charles L. Carpenter,* for appellee.

OSRO COBB, JUSTICE. This appeal involves adjacent owners of suburban residential properties in Pulaski County, the dispute arising from the erection of a fence which closed appellants' driveway.

The law question raised is as to the propriety of the Chancellor in sustaining a demurrer to appellants' evidence and in dismissing appellants' complaint.

The facts at issue relate to the establishment by appellants and their predecessors in title of a prescriptive right of use of a driveway which runs for approximately twenty feet across the land of appellee in order to reach what is known as "Redding Lane", which is surfaced with asphalt.

Two knowledgeable witnesses, A. M. Duncan and Mrs. Bessie Turley, testified that the driveway had been used by them and the general public, without obstruction or interference, since 1952. The driveway was open to use when appellants purchased their property in 1962. In June of 1965, appellee erected a fence across the driveway and appellants immediately thereafter instituted this action in Chancery Court for relief.

We have concluded that the evidence of appellants was sufficient to make a prima facie case as to their claims as to an established prescriptive right of use of the driveway as situated, and that the trial court erred in sustaining the demurrer to the sufficiency of appellants' evidence. Moreover, appellee offered no proof on his own behalf, nor did his counsel indicate to the trial court at the conclusion of appellants' evidence that ap-

pellee rested. If this had been done, the trial court would have been required to weigh the evidence and make findings thereon binding as as to all parties. Since this did not occur, the rule announced in *Werbe, et al* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225 (1950) is applicable and requires us to reverse and remand the case for further proceedings.

Reversed and remanded for further proceedings.