In the Matter of ROBERT PRESTI, Respondent, *v.* NEW YORK RACING ASSOCIATION, INC., Appellant.

Second Department, January 6, 1975.

*Cahill Gordon & Reindel* (*Miles M. Tepper* and *O. Carlysle McCandless* of counsel), for appellant.

*Perito, Rose & Duerk* and *McGuire & Lawler* (*Paul L. Perito, Jordan P. Rose* and *Robert J. McGuire* of counsel), for respondent.

SHAPIRO, Acting P. J. This proceeding was brought under article 78 of the CPLR to annul a directive of Thoroughbred Racing Protective Bureau, Inc. (hereinafter "the Bureau"), acting pursuant to orders of the appellant, New York Racing Association, Inc., that the petitioner be excluded from racetracks in New York owned by the appellant. The appeal (by permission) is from so much of an order of the Supreme Court, Nassau County, as, upon the appellant's renewed motion to dismiss the petition, upon an objection in point of law, in which motion the appellant also sought vacatur of a preliminary injunction previously granted, adhered to the original decision denying such dismissal and did not vacate the injunction. We reverse the order insofar as appealed from, grant the renewed motion to dismiss the petition, and vacate the injunction.

The petitioner claims he is a broker in the purchase and sale of thoroughbred racehorses, acting on behalf of purchasers and sellers of thoroughbred racehorses and on occasion on his own account, and that his ability to conduct his business depends upon his access to the appellant's racetracks. He contends further that one of the most critical requirements in conducting his business is to have the opportunity of attending, as a member of the general public, racetracks owned and controlled by the appellant.

The appellant is a private racing association incorporated under the Racing Law (L. 1926, ch. 440, as amd.) for the purpose, as provided in that statute and in the appellant's certificate of incorporation, of owning and operating racetrack facilities and conducting thoroughbred horse races thereat. The Bureau is an independent organization, responsible for maintaining track security and protecting the integrity of thoroughbred racing at the appellant's tracks.

On several occasions between August of 1972 and May 14, 1973, the petitioner attended various racetracks owned and operated by the appellant. When his presence was discovered he was requested, by agents of the Bureau, to leave the premises of the track immediately and not to return. On each occasion, he left without any physical confrontation and without being given any reasons for his ouster. As a result, he brought this proceeding on the ground that the appellant, as a quasi-public corporation, may not unilaterally eject him from its premises without first affording him a hearing as to the reasons for his exclusion.

The appellant defends its action, contending that it is a private organization and that it is bound by the rules of the New York State Racing Commission to eject undesirable persons from its tracks. The appellant's decision was based on certain statements, contained in orders of license suspension made by the New York State Racing Commission as to other persons, that the petitioner, who had been known by two other names, had conspired with these licensees to enter horses owned by him in various races under the guise that they were owned by other persons.

In *Madden* v. *Queens County Jockey Club* (296 N. Y. 249) the court enunciated the rule that the New York Racing Association has the right *arbitrarily* to exclude anyone from its premises. That decision was followed in *People* v. *Licata* (28 N Y 2d 113), in which the court cited the *Madden* case with approval and reiterated the absolute right to eject a patron, noting that relevant policy considerations required the conclusion it reached.

The court was again confronted with the same question in *Jacobson* v. *New York Racing Assn.* (33 N Y 2d 144). There, the plaintiff was an owner and trainer of thoroughbred horses. He was duly licensed as such by the State of New York. He had been granted stall space at the defendant's tracks from 1952 until 1970 when his license was suspended by the New York State Racing Commission. Following restoration of his license, the plaintiff was denied stall space at the defendant's tracks. The court commented on the defendant's common-law right to exclude undesirable patrons, but denied it absolute immunity from having to justify the exclusion of an owner and trainer whom the State had deemed fit to license.

Based on the foregoing decisions, the Special Term in the instant case concluded that, although the appellant " has an

obligation to exclude undesirables from its tracks, its decisions as an instrumentality of the State are subject to review by the Courts, which may determine whether same are arbitrary or capricious." Hence, the Special Term held that the petitioner was deprived of his constitutional rights without due process and that he was entitled to a hearing as to whether the appellant's decision was arbitrary and capricious. We disagree.

The court in *Jacobson* v. *New York Racing Assn.* (33 N Y 2d 144, *supra*) did no more than to clarify the long-standing common-law right of the defendant to exclude patrons without giving reason or excuse as being inapplicable to owners and trainers licensed by the State. *Jacobson* (p. 150) clearly expressed the court's specific concern that to deny stall space to Jacobson at the racetracks " may infringe on the State's power to license horsemen " and further: " This general principle that the arbitrary action of a private association is not immune from judicial scrutiny has, for example, been applied in instances of a private hospital arbitrarily denying a licensed physician staff privileges (e.g., *Greisman* v. *Newcomb Hosp.*, 40 N. J. 389)."

Hence, it is clear that the *Jacobson* court expressly intended that the rule enunciated in *Madden* v. *Queens County Jockey Club* (296 N. Y. 249, *supra*) remain applicable to a person such as the petitioner in this proceeding who is not licensed as an owner or trainer or in any other capacity in connection with racing in the State of New York. Thus, as an unlicensed person, the petitioner was clearly subject to the appellant's absolute right of exclusion set forth in *Madden* and *Licata* (*supra*).

In any event, the Special Term erred in granting the petitioner the drastic remedy of a preliminary injunction. Such relief is not to be granted unless a clear right thereto is established by the moving papers (*Park Terrace Caterers* v. *McDonough,* 9 A D 2d 113). Accordingly, the order of the Special Term should be reversed, on the law, with $20 costs and disbursements, the proceeding should be dismissed and the preliminary injunction should be vacated.

CohalAN, Christ, Brennan and Benjamin, JJ., concur.

Order of the Supreme Court, Nassau County, dated January 28, 1974, reversed insofar as appealed from, on the law, with $20 costs and disbursements, proceeding dismissed and preliminary injunction vacated.