374 So.2d 639 (1979)
TROPICAL PARK, INC., Appellant,
v.
Frank J. JOCK, Appellee.
No. 79-260.
District Court of Appeal of Florida, Third District.
August 21, 1979.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Allsworth, Doumar, Schuler, Padula & Laystorm and Charles L. Curtis, Fort Lauderdale, for appellee.
Before BARKDULL and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
PER CURIAM.
The appellant, Tropical Park, Inc., excluded a patron from the premises upon *640 which it was operating a horse racing meet, allegedly because of known underworld connections.
The patron (the appellee) brought a suit seeking a mandatory injunction and damages. The trial court entered a temporary injunction requiring the appellant to admit the appellee. This appeal ensued.
We reverse. A commercial establishment, particularly one of such a sensitive nature as a pari-mutuel operator, continues to possess the common law right to absolutely exclude a patron[1] in this State. This right has not been abrogated by any statutes in Florida, although the contrary has occurred in other states. Burrilville Racing Association v. Garabedian, 113 R.I. 134, 318 A.2d 469 (1974); Rockwell v. Pennsylvania State Horse Racing Commission, 15 Pa.Cmwlth. 348, 327 A.2d 211 (1974). Contra: Nation v. Apache Greyhound Park, 119 Ariz. 76, 579 P.2d 580 (1978). Without an abrogation by statute in a common law state, the operator of a race track facility has been held, in other jurisdictions, to continue to possess the right to exclude a patron. Madden v. Queens County Jockey Club, 296 N.Y. 249, 72 N.E.2d 697, 1 A.L.R.2d 1160 (1947), cert. denied, 332 U.S. 761, 68 S.Ct. 63, 92 L.Ed. 346 (1947); Jacobson v. New York Racing Association, 33 N.Y.2d 144, 350 N.Y.S.2d 639, 305 N.E.2d 765 (1973); Griffin v. Southland Racing Corp., 236 Ark. 872, 370 S.W.2d 429 (1963); Tamelleo v. New Hampshire Jockey Club, 102 N.H. 547, 163 A.2d 10 (1960); Garifine v. Monmouth Park Jockey Club, 29 N.J. 47, 148 A.2d 1 (1958); Greenfield v. Maryland Jockey Club of Baltimore, 190 Md. 96, 57 A.2d 335 (1948); Presti v. New York Racing Association, 46 A.D.2d 387, 363 N.Y.S.2d 24 (1975); Vaintraub v. New York Racing Association, 28 A.D.2d 660, 280 N.Y.S.2d 758 (1967); Annot. 1 A.L.R.2d 1165 (1948). The appellee also urges that because the statutes require the operator to exclude or prevent certain persons from being patrons, e.g. Section 550.361 Florida Statutes (Supp. 1978), that this was a preemption of the common law right to exclude. We disagree. At most, it would be a preemption in the designated classes that were to be excluded and not a preemption as to the entire field of exclusion of patrons.
Therefore, finding no right to be a patron in the appellee, we find no merit in the cause of action pled and, therefore, not in the temporary injunction issued. The trial court is directed to vacate the temporary injunction forthwith and to dismiss the cause of action at the cost of the plaintiff in the trial court.
Reversed and remanded, with directions.
NOTES
[1] With certain exceptions based on race, religion, etc. See e.g. People v. Licata, 28 N.Y.2d 113, 320 N.Y.S.2d 53, 268 N.E.2d 787 (1971); Madden v. Queens County Jockey Club, Inc., supra; Bonomo v. Louisiana Downs, Inc., 337 So.2d 553 (La. App. 1976).