The Honorable Mike Todd State Representative 333 W. Court Street Paragould, Arkansas 72450
Dear Representative Todd:
This is in response to your request for an opinion concerning Act 931 of 1989. Specifically, you pose the following question regarding that act:
 Does Act 931 of 1989 provide that a municipal court judgment is a lien on the real estate owned by the defendant if the judgment has NOT been filed with the circuit clerk?
It is my opinion that the answer to your question is "no".
Act 931 of 1989 amends A.C.A. 16-65-117(a)(1)(A), (Supp. 1987), by substituting the following:
 A judgment in the Supreme Court or chancery or circuit courts OR MUNICIPAL COURTS of this state and in the United States district court within this state shall be a lien on the real estate owned by the defendant in the county in which the judgment was rendered from the date of its rendition only if the clerk of the court which rendered the judgment maintains a permanent office within the county, at which office permanent records of the judgments of the court are continuously kept and maintained AND THE JUDGEMENT [sic] HAS BEEN FILED WITH THE CIRCUIT CLERK. [Emphasis added.]
The emphasized language is the only language of Act 931 of 1989 which differs from the existing statute.
At first blush, the language of the act appears unambiguous. Given closer scrutiny, however, and when viewed along with the other provisions of A.C.A. 16-65-117, it is apparent that the new language could be given one of three constructions. It is our task to discern which interpretation evidences the legislative intent. RAGLAND v. ALPHA AVIATION, INC., 285 Ark. 182, 686 S.W.2d 391
(1985).
The first possible interpretation of the act is to construe the words just as they read. Words in a statute must be given their usual and ordinary meaning, and if there is no ambiguity, the statute should be given effect just as it reads. CHANDLER v. PERRY-CASA PUBLIC SCHOOLS DIST. NO. 2, 286 Ark. 170, 690 S.W.2d 349
(1988). Applying this maxim to the language of the act would make the answer to your question "no". The language of A.C.A.16-65-117(a)(1)(A), as amended by Act 931, clearly states that judgments will become liens upon the real estate owned by the defendant in the county only if the court clerk keeps a permanent office in the county where permanent records of judgments are kept AND the judgment has been filed with the circuit clerk. If the language is construed just as it reads, the word "and" is construed in the conjunctive; meaning that BOTH conditions must occur before a judgment lien is created.
Additional, however, each section of an act must be read in light of every other section, and the object and purposes of the act must be considered. CHISM v. PHELPS, 228 Ark. 936, 311 S.W.2d 297
(1958). This maxim becomes important to your question when Act 931's amendment is read in light of A.C.A. 16-65-117(a)(2)(A) which provides:
 (2)(A) If a judgment is rendered by one (1) of the courts in a county where the clerk of the court does not maintain a permanent office at which permanent records are maintained, the judgment shall not be a lien on the land of the defendant in that county until a certified copy of the judgment is filed in the office of the clerk of the circuit court of that county.
The problem with a "plain meaning" construction of the new language is that it would result in an implied repeal of the section above. Such repeals are not favored in construing statutes. FIREMAN'S FUND INS. CO. v. POLK COUNTY, 260 Ark. 799,543 S.W.2d 947 (1976). The language of the first paragraph of the statute, ((a)(1)(A)), cannot be read to require both a permanent office and filing with the circuit clerk, without repealing the second paragraph, ((a)(2)(A)), which states that filing with the circuit clerk is sufficient if no permanent office is maintained. A "plain meaning" construction would effectively preclude judgments rendered by a court without a permanent office in the county from ever being a lien upon the defendant's land in that county. If no permanent office is maintained, no judgment lien is created under (a)(1)(A), if read in the conjunctive. It is my opinion that this is not consistent with the legislative intent of the act.
The second way to construe the act is to read the word "and" found in the last phrase of A.C.A. 16-65-117 (a) (1)(A), as amended, to mean "or". It has been held that use of the words "or" and "and" interchangeably in a statute is permissible only where the context requires it to effectuate the legislature's intention, or where not to do so would render the meaning ambiguous or result in absurdity. HINES v. MILLS, 187 Ark. 465,60 S.W.2d 181 (1933). It may be argued that it is necessary to read the "and" and an "or" in order to avoid the repeal by implication discussed earlier, and to resolve the ambiguity and arguable absurdity that attends a "plain meaning" construction combined with the implied repeal: i.e., that court judgments rendered by a court without a permanent office in the county cannot become a lien upon the defendant's property in that county.
The problem with reading the last phrase of (a)(1)(A) in the disjunctive is that to do so would render (a)(2)(A) redundant. This is so because under a disjunctive construction, (a)(1)(A) would already provide the alternate method of lien creation set out in (a)(2)(A). Statutes must be construed, if possible, so that all of the parts will be effective. TOWN OF WRIGHTSVILLE v. WALTON, 255 Ark. 523, 501 S.W.2d 241 (1973).
Additionally, a disjunctive construction would not require a municipal court judgment to be filed with the circuit clerk prior to becoming a lien on the defendant's property in the county, (so long as the municipal court clerk maintains a permanent office in the county and permanent judgment records.) Under this construction, the answer to your question would be "yes". It is my opinion, however, that this conclusion would not be consistent with the legislative intent.
Thus, we are left with inherent construction problems in construing the word "and" in the statute as EITHER conjunctive or disjunctive. How then, must we construe it? As stated previously, this question must be resolved with the legislative intent in mind. It appears that this statutory scheme began in 1891 and has been amended more than several times. The problem in construing the statute now is that over the years, instead of rewriting the entire statute, amendments have been made which left much of the original language intact.
With this in mind, it is my opinion that the legislative intent behind this latest amendment was to allow for municipal court judgments to become liens on real property just as circuit, and chancery judgments, etc., become liens, except it is my opinion that the legislature intended that municipal court judgments not become liens until filed with the circuit clerk. This conclusion is drawn from the fact that the only words added to the statute by Act 931 of 1989 are "or municipal courts", and "and the judgement [sic] has been filed with the circuit clerk".
Although this conclusion results in a slightly different rule for municipal courts than the statute requires for other named courts, it is my opinion that in light of the relevant rules of statutory construction, this is the result which is nearest to the perceived legislative intent.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.