The Honorable Ernest Cunningham State Representative 17 East Ridge Helena, AR 72342
Dear Representative Cunningham:
This is in response to your request for an opinion on the following question:
 If a person who is Assistant Vice President of a bank is elected to the city council of a city in which the bank is located, will his service on the city council limit or restrict in any way the authority of the bank to do business with the city?
In my opinion, although the issue may depend upon specific factual circumstances, your constituent's service as a council member will not entirely preclude the bank from doing business with the city. Individual factual circumstances will have to be considered as they arise, however, in order to determine if an impermissible conflict of interest exists.
Two statutes are relevant to your inquiry. The first is A.C.A.14-42-107(b)(1), which provides as follows:
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body or the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
The subsection above would thus prohibit a council member from profiting from any contract for services with the city, unless there is an ordinance authorizing it. This prohibition is broad enough to cover a contract between a city and a bank for banking services, and thus a council member cannot profit from such an arrangement in the absence of an ordinance authorizing him to do so — unless the situation falls within the exception listed at14-42-107(b)(2), which provides that:
 The prohibition prescribed in this subsection shall not apply to contracts for the furnishing of supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman or council member holds any executive or managerial office, or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
This provision states that a council member can profit from a contract with the city without an ordinance authorizing it, if no alderman holds any executive or managerial office in the contracting corporation, OR a controlling interest in the corporation is held by stockholders who are not council members. The provision is a little difficult to construe because it is a disjunctive exception phrased in the negative. Its construction becomes crucial in this instance because your constituent does hold an executive or managerial office in the bank. He is a vice president. We are unsure, however, from the information provided us, whether a controlling interest is held by stockholders who are not council members. We assume that it is. The construction of the exception becomes important because your constituent does not fall within the first part of the exception (he does hold an executive position), but his conduct may be excepted by the second part of the exception (if a controlling interest in the bank is held by stockholders who are not council members). The crucial inquiry is whether to read the provision in the conjunctive or the disjunctive. Must both of the listed circumstances occur before a council member can profit from a county contract without an authorizing ordinance? A conjunctive reading of the provision would mandate an affirmative conclusion. Under a disjunctive reading, however, if either of the circumstances listed are present, then the council member is exempt from the prohibitions of the section altogether. Thus, under a conjunctive reading, your constituent is prohibited from profiting from the city's contracts with the bank unless there is an ordinance authorizing the conduct. This is true because under a conjunctive reading of the statute, two things must occur before a council member is exempt from the prohibition. He must not hold an executive or managerial position, and a controlling interest in the bank must be held by non-council members. Here, your constituent has met only one of the conditions, (assuming a controlling interest is indeed held by non-council members). Under a disjunctive reading, however, he may profit from a contract with the city without an ordinance authorizing his conduct, (if a controlling interest in the bank is held by non-council members). Under a disjunctive reading, either of the circumstances listed, if they exist, will exempt the council member from the prohibition.
The exception is drafted using the word "or". The word "or" usually implies a disjunctive reference. It has been held, however, that to carry out the general purpose and intent of the legislature, the words "and" and "or" are convertible. Shinn v. Heath, 259 Ark. 577, 535 S.W.2d 57 (1976). It has also been held, however, that the use of the words "and" and "or" interchangeably in a statute is permissible only where the context requires it to effectuate the intention of the legislature, or where not to do so would render the meaning of the statute ambiguous or result in an absurdity. Hines v. Mills, 187 Ark. 465(1933), and Beasly [Beasley] v. Parnell, 177 Ark. 912 (1928).
Although it is tempting to read the word "or" in 14-42-107(b)(2) as an "and", we cannot conclude that such a construction is necessary to give effect to the legislative intent, or to prevent an ambiguity or absurdity. This conclusion appears to be in accord with our previous opinion 86-562, and appears to be borne out by the language of the emergency clause of Act 183 of 1963. We thus must construe the provision in the disjunctive and conclude that if a controlling interest in the bank which your constituent serves is held by non-council members, the bank is not prohibited from doing business with the city, even if there is no ordinance authorizing it, and even though the council member holds an executive office at the bank. There is one more provision, however, which may need to be considered by the prospective city councilman.
Section 21-8-304 of the Arkansas Code Annotated provides as follows:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
Although it is a little unclear, this provision may be applicable to city councilmen, and under certain facts, could give rise to an unlawful conflict of interest. This determination must be made, however, on a case by case basis with the particular circumstances in mind. It does not, however, amount to a wholesale prohibition against the bank doing business with the city.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.